OPINION
{¶ 1} The following is an accelerated calendar appeal submitted on the briefs of the parties. Appellant, Wayne Pengov, appeals from a judgment entry issued by the Geauga County Court of Common Pleas granting appellee, Kristine Pengov, a divorce.
 {¶ 2} On November 17, 2001, appellee filed a complaint in the Geauga County Court of Common Pleas requesting a divorce from appellant. The complaint requested temporary and permanent custody of the parties' two minor children, temporary and permanent spousal support, temporary and permanent child support, and a reasonable division of the marital assets and liabilities. Prior to the filing of appellant's answer, appellee filed an amended complaint stating that she was entitled to a divorce due to the parties' incompatibility.
 {¶ 3} Appellant filed his answer on May 1, 2001, and denied the portion of appellee's complaint alleging that a divorce was necessary due to incompatibility. A magistrate hearing was then scheduled for a later date.
 {¶ 4} Prior to the magistrate hearing, the parties made stipulations to a distribution of the marital property and liabilities. On January 7, 2002, appellant filed a pretrial statement confirming that appellee "shall be the residential parent of the minor children of the parties; the Defendant/Father shall have visitation rights." The only remaining issues that were to be decided at the magistrate hearing were appellee's right to spousal support and the allocation of parental rights.
 {¶ 5} On February 15, 2002, four days prior to the magistrate hearing, appellant filed a motion for shared parenting. The motion for shared parenting was not signed by either party and was not served upon opposing counsel. Furthermore, appellant submitted the motion in his individual capacity, rather than through his representative counsel. Apparently, the magistrate did not accept the motion based upon these deficiencies.
 {¶ 6} On February 19, 2002, a magistrate hearing was held to resolve the final two issues. Moments before the hearing began, appellant discharged his attorney and asked for a continuance to obtain new counsel. The magistrate explained that a continuance would not be granted and the hearing would proceed as scheduled. Appellant was then given an opportunity to re-enlist his former counsel, or continue with the proceedings pro se. After a few minutes of deliberating, appellant opted to proceed with the hearing pro se.
 {¶ 7} Following the hearing, appellant obtained new counsel and filed a motion for leave to file an amended answer and counterclaim on April 18, 2002. On April 24, 2002 the trial court granted appellant leave of court. On that same day, appellant's amended answer and counterclaim was filed. As part of his counterclaim, appellant requested custody of the minor children or, in the alternative, a court order for shared parenting.
 {¶ 8} On May 21, 2002, the magistrate issued a decision which designated appellee as the residential parent and granted her sole custody of the two minor children. Further, the magistrate found that appellant was required to pay spousal support in the amount of $800 per month, for sixty months, commencing the day a final judgment entry of divorce was journalized.
 {¶ 9} Despite the magistrate's resolution of custody and child support, her decision acknowledged that there was insufficient evidence presented to resolve whether there were proper grounds for a divorce. As a result, a second evidentiary hearing was scheduled for May 7, 2002, to determine whether the parties were incompatible.
 {¶ 10} Following the magistrate's decision, both parties submitted objections with the trial court regarding the magistrate's findings of fact and conclusions of law. After reviewing the parties' objections, the trial court remanded the matter to the magistrate to determine: (1) appellee's income, including potential income and imputed income, to ascertain a proper amount for child support and spousal support; and (2) an appropriate Qualified Domestic Relations Order ("QDRO").
 {¶ 11} On October 8, 2002, the magistrate found that appellee's annual income for purposes of determining child and spousal support was $40,000. The magistrate also found that the marital portion of appellant's pension plan should be equally divided by means of a QDRO, and that each party should share equally in the costs of the QDRO.
 {¶ 12} On May 7, 2002, the magistrate held a hearing to determine whether there were sufficient grounds for a divorce. During the hearing, stipulations were made by both parties that they had lived separate and apart without cohabitation for a period in excess of one year. Based upon these stipulations, the magistrate granted appellee a divorce.
 {¶ 13} On October 31, 2002, the trial court issued a judgement entry of divorce. In its judgment entry, appellee was designated residential parent and legal custodian of the parties' minor children. Further, appellant was ordered to pay appellee spousal support in the amount of $500 per month, for sixty months.
 {¶ 14} From this judgment, appellant filed a notice of appeal with this court, advancing two assignments of error for our consideration:
 {¶ 15} "[1.] The trial court erred to the prejudice of defendant/appellant when it awarded spousal support to plaintiff/appellee without a showing that the award was appropriate and reasonable, without consideration of appellee's need and without adequate consideration of the statutory factors listed in R.C. 3105.18.
 {¶ 16} "[2.] The trial court erred to the prejudice of defendant/appellant when it awarded custody of the minor children to plaintiff/Appellee without considering the statutory basis of the award."
 {¶ 17} Appellant's first assignment of error contends that the trial court and magistrate failed to consider certain relevant factors when determining whether spousal support was appropriate and reasonable. Specifically, appellant maintains that appellee's monthly monetary needs were never adequately addressed prior to the issuance of spousal support. Appellant also contends that his living expenses were never considered prior to the award of spousal support. Therefore, appellant concludes that the trial court's award of spousal support acted to inappropriately penalize him and reward appellee. We disagree.
 {¶ 18} It is well-established that pursuant to R.C. 3105.18(C)(1), the trial court enjoys broad discretion in awarding spousal support to either party when it is "appropriate and reasonable" to do so. Glass v.Glass (Dec. 22, 2000), 11th Dist. No. 99-L-120, 2000 Ohio App. LEXIS 6103, at 6. Such an award will not be disturbed on appeal absent an abuse of discretion. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67. Abuse of discretion suggests more than just a mere error of law or judgment on the part of the trial court; rather it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 19} To determine whether spousal support is appropriate and reasonable, the trial court is required to consider the following factors from R.C. 3105.18(C)(1):
 {¶ 20} "(1) the income of the parties; (2) the earning abilities of the parties; (3) the ages and health of the parties; (4) the parties' retirement benefits; (5) the duration of the marriage; (6) the appropriateness of the parties to seek employment outside the home; (7) the marital standard of living; (8) the education of the parties; (9) the assets and liabilities of the parties; (10) the contribution of either party to the other's education; (11) the cost of education of the party seeking support; (12) the tax consequences of a spousal support award; (13) the lost income that results from the parties' marital responsibilities; and (14) any other factor the court deems relevant."Davis v. Davis (Mar. 31, 2000), 11th Dist. No. 98-P-0122, 2000 WL 522481, at 3.
 {¶ 21} In Stafinsky v. Stafinsky (1996), 116 Ohio App.3d 781, 784, this court held that the trial court is required to provide us with the relevant facts and reasons for awarding spousal support, to wit:
 {¶ 22} "In making spousal support awards, R.C. 3105.18 requires the trial court to review the statutory factors in [R.C. 3105.18(C)(1)] that support such an order, and then indicate the basis for awarding spousalsupport in sufficient detail to facilitate adequate appellate review.Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 96-97 * * *." (Parallelcitation omitted.)
 {¶ 23} A trial court does not satisfy this requirement by simply stating that it considered the requisite factors, rather, "`[i]t is required that an entry awarding spousal support provide some illumination of the facts and reasoning underlying the judgment. * * * This is true even though evidence was introduced below and contained in the record which may support some award of spousal support. * * *'" (Citations omitted.) Herman v. Herman (Mar. 28, 1997), 11th Dist. No. 96-P-0194, 1997 WL 158106, at 4. See, also, Stafinsky at 784.
 {¶ 24} Furthermore, the General Assembly has removed the "necessary" standard from R.C. 3105.18 and now requires an "appropriate and reasonable" standard to be applied when determining the award of spousal support. Weller v. Weller, 11th Dist. No. 2001-G-2370, 2002-Ohio-7125, at ¶ 43. Accordingly, the relevant inquiry has become whether spousal support is "appropriate and reasonable[,]" rather than whether it is "necessary." Id. "`The appropriate and reasonable standard is broader than the necessary standard[.]'" Id., quoting Bauman v.Bauman, 6th Dist. No. E-01-025, 2002-Ohio-2172, at ¶ 23.
 {¶ 25} Despite the amendment, the necessity of spousal support is still a factor that the trial court may consider. DeChristefero v.DeChristefero, 11th Dist. No. 2002-T-0021, 2003-Ohio-2234, at ¶ 15. Such consideration, however, is discretionary as need is not a factor expressly enumerated by R.C. 3105.18. Instead, need is only to be considered when it is "a factor the court deems relevant." R.C. 3105.18. See, e.g., DeChristefero at ¶ 15 (holding that "[t]he court does not have to consider whether the spouse receiving the award actually needs it, but should determine whether the award is fair and equitable and in accordance with the law.").
 {¶ 26} In the instant case, appellant submitted evidence of appellee's monthly expenses in an attempt to demonstrate that appellee did not need spousal support. Appellant concludes that the trial court abused its discretion by failing to consider this evidence.
 {¶ 27} In accordance with the foregoing, the trial court was not required to consider evidence of whether appellee needed spousal support, as need is not a factor expressly enumerated by R.C. 3105.18. It is at the trial court's discretion to consider need as a factor when resolving spousal support. Thus, the trial court did not abuse its discretion by not considering whether appellee needed spousal support. This portion of appellant's first assignment of error is not well taken.
 {¶ 28} Appellant further argues that the trial court erred by not considering his living expenses. During the original magistrate hearing of February 19, 2002, one of the issues to be resolved by the magistrate was appellee's entitlement to spousal support. Appellee properly submitted an exhibit that displayed her monthly living expenses. Just prior to his closing arguments, appellant, acting pro se, attempted to submit an exhibit displaying his estimated living expenses. The magistrate, however, precluded him from doing so:
 {¶ 29} "Magistrate: You can do your closing argument, now.
 {¶ 30} "Mr. Pengov: Before we do that, let me ask one more thing, Fred explained to me that it was relevant, my expenses — my living expenses and such. Is that something I should provide as an exhibit?
 {¶ 31} "Magistrate: You've ended your case.
 {¶ 32} "Mr. Pengov: Oh, I see. Okay."
 {¶ 33} Although appellant was acting pro se, the magistrate's ruling regarding the admission of appellant's living expenses was proper. It is axiomatic that "a pro se litigant is held to the same standard as other litigants and is not entitled to special treatment from the judge." Church v. Gadd, 11th Dist. No. 2001-G-2398, 2002-Ohio-7129, at ¶ 41. See, also, State v. Johnson (Feb. 26, 1998), 11th Dist. No. 97APA06-768, 1998 Ohio App. LEXIS 804, at 3 (holding that "[a] pro se litigant is not to be accorded greater, or lesser, rights because of their pro se status.").
 {¶ 34} Accordingly, appellant's status as a pro se litigant does not render the magistrate's ruling, which prohibited the admission of his living expenses, as improper. Based upon the evidence that was properly admitted, the magistrate ultimately found that appellee was entitled to spousal support.[1]
 {¶ 35} Despite our finding that the magistrate properly precluded the admission of appellant's living expenses, we again note that a party's living expense is not one of the specifically enumerated factors to be considered when determining spousal support. See, e.g., R.C. 3105.18. As stated previously, the trial court's consideration of such a factor is discretionary. Living expenses can and should be adjusted by the court to reflect R.C. 3105.18(C)(1). The frugal spouse who has reduced his or her living expenses during the divorce proceedings should not be penalized for doing so. Neither should the spouse who has inflated his or her expenses be rewarded.
 {¶ 36} We have nothing in the record to suggest that appellant's living expenses would outweigh consideration of the statutorily enumerated factors of R.C. 3105.18(C)(1). As a result, the trial court did not abuse its discretion by refusing to consider appellant's living expenses when determining whether appellee was entitled to spousal support. This portion of appellant's assignment of error is also not well-taken.
 {¶ 37} In regards to the balance of the first assignment, the trial court did properly consider the required factors expressly stated in R.C. 3105.18(C)(1). Specifically, the trial court considered the following: (1) appellant's annual income of $70,000 and appellee's annual income of $40,000; (2) evidence that appellant's earning ability was greater than appellee's; (3) appellee was forty-eight years old and in good mental and physical health, and appellant was forty-one years old and in good mental and physical health; (4) appellee was to retain her pension, and appellant's pension plan was to be split equally with appellee; (5) the duration of the marriage was seventeen years; (6) during the marriage, appellant was employed full time, while appellee was employed part-time and on an on-call basis; (7) the parties lived a middle class lifestyle; (8) neither party submitted evidence of their educational backgrounds; (9) both parties submitted evidence of their assets and liabilities, and the division of such assets and liabilities; (10) neither party offered evidence that they had contributed to the other's education; (11) there was no evidence of any educational expenses; (12) appellant was to gain a tax deduction from the spousal support; and (13) appellee was underemployed due to her marital responsibilities.
 {¶ 38} The foregoing confirms that the trial court properly considered all of the factors under R.C. 3105.18(C)(1), and provided us with the relevant facts and reasoning to accommodate our appellate review. Our function upon review is merely to measure the trial court's adherence to the standards of fairness, not to substitute our judgment for that of the trier of fact. Kaechele, 35 Ohio St.3d at 94. Appellant's first assignment of error is without merit.
 {¶ 39} Appellant's second assignment of error argues that the trial court erred by granting appellee custody of the two minor children because it failed to consider the statutory factors of R.C. 3109.04(F)(1). Appellant maintains that the evidence presented demonstrates that he is better suited to be the legal custodian of the two minor children.
 {¶ 40} It is well-settled that the trial court has broad discretion in allocating the custody of minor children, and such decisions will not be overturned absent an abuse of discretion. Davis v. Flickinger (1997),77 Ohio St.3d 415, paragraph one of the syllabus. Abuse of discretion suggests more than just a mere error of law or judgment on the part of the trial court; rather it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore at 219.
 {¶ 41} When resolving a child custody dispute, the best interest of the child standard guides the trial court. Gardini v. Moyer (1991),61 Ohio St.3d 479, 483. R.C. 3109.04(F)(1) provides that in determining the best interest of a child, the trial court must consider all relevant factors, including but not limited to the following:
 {¶ 42} "(a) The wishes of the child's parents regarding the child's care;
 {¶ 43} "(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 {¶ 44} "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 {¶ 45} "(d) The child's adjustment to the child's home, school, and community;
 {¶ 46} "(e) The mental and physical health of all persons involved in the situation;
 {¶ 47} "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 {¶ 48} "(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 {¶ 49} "(h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
 {¶ 50} "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
 {¶ 51} "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
 {¶ 52} In general, when evaluating the foregoing factors, "the best interest of the child is the paramount concern in any child custody case[.]" Rowe v. Rowe (Dec. 17, 1999), 11th Dist. Nos. 98-L-073 and 98-L-163, 1999 Ohio App. LEXIS 6122, at 7. Moreover, "`in the absence of any indication to the contrary, [this court] will assume that the trial court considered all of the relevant factors' that must be reviewed in determining the best interests of the child." Pickett v. Pickett, 11th Dist. No. 2001-L-136, 2002-Ohio-3128, at ¶ 33, quoting Sickinger v.Sickinger (Apr. 5, 1996), 11th Dist. No. 95-A-0046, 1996 Ohio App. LEXIS 1428, at 11.
 {¶ 53} The record demonstrates that the magistrate considered all requisite factors prior to appointing the custodial parent for the minor children, to wit: (1) appellant's and appellee's wishes regarding the care of the children; (2) the children were not interviewed since neither party filed a demand or motion with the court to do so, and the magistrate noted a concern that the children would give coerced interviews; (3) both children interacted well with each parent, the oldest child, however, had a slightly strained relationship with appellant due to appellant's disciplinary tactics; (4) neither party presented evidence regarding any possible adjustment problems the children would endure; (5) both parties and the children were in good mental and physical health; (6) both parents failed to consistently honor court-approved visitation rights; (7) neither parent failed to pay child support pursuant to a court order, however, appellant failed to pay child support as agreed upon by the parties without a court order; (8) neither party was convicted of or have pled guilty to a criminal offense; (9) there was no shared parenting decree; and (10) both parties resided in Ohio and neither parent stated that they planned to move outside of Ohio.
 {¶ 54} After considering the evidence presented, the magistrate granted custody of the children to appellee. There is no evidence that the magistrate or trial court abused their discretion by failing to consider the factors under R.C. 3109.04(F)(1). Therefore, appellant's second assignment of error is not well-taken.
 {¶ 55} Based on the foregoing analysis, appellant's assignments of error are without merit. The judgment of the trial court is hereby affirmed.
Judgment affirmed.
Donald R. Ford, P.J., and Cynthia Westcott Rice, J., concur.
[1] Appellant again attempted to enter his living expenses as an exhibit at the May 7, 1999 magistrate hearing. The magistrate precluded him from doing so since the sole purpose of the hearing was to determine grounds for a divorce. As a result, appellant proffered the exhibit into evidence.