OPINION
{¶ 1} Appellant, Royal L. Kershner, appeals from the February 4, 2003 judgment entry of the Portage County Court of Common Pleas, Domestic Relations Division, which granted appellant and appellee, Sherri A. Kershner, a divorce as well as made certain orders regarding spousal support, division of property, and debt.
 {¶ 2} On May 29, 2002, appellee filed a complaint for divorce, which included a request for attorney fees and costs, as well as a motion for temporary orders against appellant. On June 24, 2002, the trial court ordered that the marital home be listed for immediate sale along with the 1996 Suzuki Sidekick convertible. Appellant filed his answer and counterclaim on June 27, 2002, alleging that he be granted both temporary and permanent spousal support, an equitable division of assets and debts, costs, and attorney fees. A hearing was held on November 13, 2002, in which appellant and appellee agreed to proceed on the grounds of incompatibility. At that hearing, appellant and appellee agreed to retain possession of their own vehicles as well as agreed that appellee would have dominion of the marital home.
 {¶ 3} The facts pertinent to this appeal are as follows: appellant and appellee were married on April 1, 1994, and no children were born of the marriage. Approximately ten years prior to the marriage, appellee purchased a home, located at 8231 Maple Avenue, Garrettsville, Ohio, 44231, which ultimately became the residence of the married couple. Appellant, an employee of Ferry Industries, earns approximately $34,000 per year, and holds a 401k plan valued at about $10,000. Appellee, an employee of Scott Molders, Incorporated, testified at the hearing that she earns roughly $41,000 per year and has no retirement account. Appellee stated that the estimated balance that she owed on the Maple Avenue home when she got married to appellant in 1994 was $47,000, and the current balance on the date of the hearing was $138,000.
 {¶ 4} Appellee further testified that she refinanced her house in order to pay appellant's child support arrearages in the amount of approximately $15,000 for one of his children from appellant's previous marriage to Kathleen Dickey ("Kathleen"). Appellee stated that she again incurred debt to pay for appellant's child support arrearage in the amount of $2,746 for a second child from appellant's marriage to Kathleen. Also, appellee paid $1,079.62 to the Internal Revenue Service for appellant's child support arrearages, which was later offset against what little equity appellant may have had in the marital residence. Thus, appellant's child support arrearages amounted to approximately $18,825.
 {¶ 5} Appellant did not offer testimony at the hearing or rebut any of the testimony or evidence provided by appellee, nor did he file a pretrial financial affidavit.
 {¶ 6} Pursuant to the February 4, 2003 judgment entry, the trial court granted the parties a divorce due to incompatibility. Specifically, the trial court ordered appellant to pay $300 per month for thirty-six consecutive months as spousal support to appellee; awarded the marital residence to appellee and required her to pay $3,800 in back real estate taxes as well as the costs of this action; divided appellant's retirement account, valued at $8,950 on June 30, 2002, equally between the parties by QDRO; and ordered appellant to pay $4,200 in back city tax. Appellant timely filed the instant appeal and raises the following assignments of error:
 {¶ 7} "[1.] The trial court made a mistake of fact and/or abused its discretion when it ordered [appellant] to pay all of the city tax bill when the parties had already agreed to split to city tax bill equally[.]
 {¶ 8} "[2.] The court abused its discretion and acted against the manifest weight of the evidence when it ordered [appellant] to pay spousal support to [appellee] without considering all of the relevant statutory factors and without making a proper factual determination on the record to support the award.
 {¶ 9} "[3.] The court abused its discretion, committed plain error, and caused a manifest miscarriage of justice when it ordered [appellant] to pay spousal support [to appellee] without having before it the pre-trial financial affidavits of both parties.
 {¶ 10} "[4.] The court abused its discretion when it ordered [appellant] to pay spousal support to [appellee] for a period of three years."
 {¶ 11} In his first assignment of error, appellant argues that the trial court made a mistake of fact and/or abused its discretion by ordering him to pay the full amount of the city tax bill even though appellant and appellee had a previous agreement to split the bill equally.
 {¶ 12} "`The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, quoting State v.Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 13} In Bisker v. Bisker (1994), 69 Ohio St.3d 608, 609, the Supreme Court of Ohio stated:
 {¶ 14} "A trial court is vested with broad discretion when fashioning its division of marital property. Berish v. Berish
(1982), 69 Ohio St.2d 318 * * *. However, a trial court's discretion is not unbridled. The award need not be equal, but it must be equitable. Cherry v. Cherry (1981), 66 Ohio St.2d 348
* * *. A reviewing court will not substitute its judgment for that of the trial court unless the trial court's decision is unreasonable, arbitrary or unconscionable. Blakemore [supra] * * *. At a minimum, the trial court must address the factors listed in R.C. 3105.18 in arriving at its decision. To do otherwise is an abuse of discretion." (Parallel citations omitted.)
 {¶ 15} R.C. 3105.171(C)(1) provides that: "[if] an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section."
 {¶ 16} It appears that R.C. 3105.171(F)(1), (2), (8), and (9), were earmarked by the trial court in the instant matter, which states that: "[i]n making a division of marital property and in determining whether to make and the amount of any distributive award under this section, the court shall consider all of the following factors:
 {¶ 17} "(1) The duration of the marriage;
 {¶ 18} "(2) The assets and liabilities of the spouses;
 {¶ 19} "* * *
 {¶ 20} "(8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;
 {¶ 21} "(9) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 22} The court in Szerlip v. Szerlip (1998),129 Ohio App.3d 506, 513, stated that: "* * * R.C. 3105.171(F) clearly indicates [that] private agreements between parties concerning the division of marital assets are not binding upon the trial court when the court is dividing marital property equitably. * * * Consequently, a private agreement between parties does not relieve the trial court of its statutory duty to divide marital property equitably."
 {¶ 23} In the case at bar, appellant and appellee each agreed to pay one-half of the back taxes owed to the village of Garrettsville. However, according to the February 4, 2003 judgment entry, the trial court allocated the back real estate taxes in the amount of $3,800 to appellee and the back city tax of $4,200 to appellant. Pursuant to Szerlip, supra, and R.C.3105.171(F), the fact that appellant and appellee had made a previous agreement to divide a particular debt does not make that agreement binding on the court.
 {¶ 24} The trial court has broad discretion when fashioning its division of marital property. Bisker, supra. Pursuant to its February 4, 2003 judgment entry, the trial court considered, among other factors, the duration of the marriage (eight years), the marital residence, household items, appellant's retirement account, and appellant's debts that were paid by appellee, in reaching its determination of an equitable property division. Therefore, the trial court did not make a mistake of fact and did not abuse its discretion, based on Blakemore, supra, when it ordered appellant to pay the full amount of the city tax bill while addressing the foregoing factors in reaching a division of marital property and responsibilities. Thus, appellant's first assignment of error is without merit.
 {¶ 25} In his second assignment of error, appellant alleges that the trial court abused its discretion and acted against the manifest weight of the evidence when it ordered him to pay spousal support to appellee without considering all of the relevant statutory factors, pursuant to R.C. 3105.18(C)(1), and without making a proper factual determination on the record to support the award.
 {¶ 26} Gerijo, Inc. v. Fairfield (1994), 70 Ohio St.3d 223,226, states:
 {¶ 27} "[J]udgments supported by competent, credible evidence going to all the material elements of the case must not be reversed, as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279
* * *, syllabus. We must indulge every reasonable presumption in favor of the lower court's judgment and finding of facts.Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77 * * *. In the event the evidence is susceptible to more than one interpretation, we must construe it consistently with the lower court's judgment. See Ross v. Ross (1980), 64 Ohio St.2d 203
* * *." (Parallel citations omitted.)
 {¶ 28} This court stated in Pengov v. Pengov, 11th Dist. No. 2002-G-2485, 2003-Ohio-6755, at ¶ 18, that: "[i]t is well-established that pursuant to R.C. 3105.18(C)(1), the trial court enjoys broad discretion in awarding spousal support to either party when it is `appropriate and reasonable' to do so.Glass v. Glass (Dec. 22, 2000), 11th Dist. No. 99-L-120, 2000 Ohio App. LEXIS 6103, at 6. Such an award will not be disturbed on appeal absent an abuse of discretion. Kunkle v.Kunkle (1990), 51 Ohio St.3d 64, 67 * * *."
 {¶ 29} R.C. 3105.18(C)(1) provides that: "[i]n determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support * * *, the court shall consider all of the following factors:
 {¶ 30} "(a) The income of the parties, from all sources * * *;
 {¶ 31} "(b) The relative earning abilities of the parties;
 {¶ 32} "(c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 33} "(d) The retirement benefits of the parties;
 {¶ 34} "(e) The duration of the marriage;
 {¶ 35} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 36} "(g) The standard of living of the parties established during the marriage;
 {¶ 37} "(h) The relative extent of education of the parties;
 {¶ 38} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 39} "(j) The contribution of each party to the education, training, or earning ability of the other party * * *;
 {¶ 40} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience * * *;
 {¶ 41} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 42} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 43} "(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 44} In Pengov, supra, at ¶ 21-23, this court further stated:
 {¶ 45} "In Stafinsky v. Stafinsky (1996),116 Ohio App.3d 781, 784 * * * this court held that the trial court is required to provide us with the relevant facts and reasons for awarding spousal support, to wit:
 {¶ 46} "`In making spousal support awards, R.C. 3105.18
requires the trial court to review the statutory factors in (R.C.3105.18(C)(1)) that support such an order, and then indicate the basis for awarding spousal support in sufficient detail to facilitate adequate review. Kaechele v. Kaechele (1988),35 Ohio St.3d 93, 96-97 * * *.'
 {¶ 47} "A trial court does not satisfy this requirement by simply stating that it considered the requisite factors, rather, `"it is required that an entry awarding spousal support provide some illumination of the facts and reasoning underlying the judgment. (* * *) This is true even though evidence was introduced below and contained in the record which may support some award of spousal support. * * * "' (Citations omitted.)Herman v. Herman (Mar. 28, 1997), 11th Dist. No. 96-P-0194, 1997 Ohio App. LEXIS 1223, at 4. See, also, Stafinsky at 784." (Parallel citations omitted.)
 {¶ 48} In the instant matter, the record indicates that the trial court considered all of the factors pursuant to R.C.3105.18(C)(1). Additionally, the trial court specifically stated in its judgment entry that: "[c]onsidering this is a marriage of eight years, [appellee] expended nearly $3,000 of her savings to pay arrearages on [appellant's] child support for children of his former marriage, the education of the parties, the necessary living expenses of [appellee], along with the other factors enumerated in [R.C.] 3105.18, it is further ORDERED, ADJUDGED and DECREED that [appellant] shall pay, as spousal support, the sum of [t]hree [h]undred [d]ollars ($300) a month for [t]hirty-[s]ix (36) consecutive months or until [appellee] shall remarry or die. * * *"
 {¶ 49} Furthermore, according to the trial court's judgment entry, appellee was held responsible for the marital residence which, prior to the marriage, was encumbered with a mortgage of $47,000, and on the date of the hearing, the balance increased to $138,000. Appellee was also liable for $3,800 in back real estate taxes, $4,300 for the Suzuki Sidekick convertible, $1,000 for the Circuit City debt, and $1,700 for the Cross Country debt. Appellant was held responsible for the $4,200 back city tax, $1,000 to W. Miller, $1,800 to G. Deunger, and $444 to Masterbuilders, as well as required to pay half of his $8,950 retirement account to appellee. As such, based on the foregoing, it is evident that appellee is the party burdened with the majority of the debt in this case.
 {¶ 50} Based on Pengov, supra, the trial court complied with the requirements of R.C. 3105.18(C)(1), since the foregoing judgment entry awarding spousal support did not merely state that it "considered the requisite factors," but rather it contained "some illumination of the facts and reasoning underlying the judgment." Therefore, the trial court did not abuse its discretion or act against the manifest weight of the evidence by ordering appellant to pay spousal support to appellee. Thus, appellant's second assignment of error is without merit.
 {¶ 51} In his third assignment of error, appellant contends that the trial court abused its discretion, committed plain error, and caused a manifest miscarriage of justice when it ordered him to pay spousal support to appellee without having before it the pretrial financial affidavits of both parties.
 {¶ 52} In Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, syllabus, the Supreme Court of Ohio held that: "[i]n appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process itself. * * *" (Citations omitted.)
 {¶ 53} "`A domestic relations court's distribution of marital property is derived solely from the evidence offered by the litigants.'" Fergus v. Fergus (1997), 117 Ohio App.3d 432, 438, quoting Hirschberger v. Hirschberger (Apr. 27, 1990), 6th Dist. No. L-89-018, 1990 Ohio App. LEXIS 1619, at 9. See, also, Craigv. Craig (Jan. 20, 1989), 11th Dist. No. 1922, 1989 Ohio App. LEXIS 196. Absent evidence to the contrary, an appellate court will presume that the trial court considered all relevant factors. Evans v. Evans (1995), 106 Ohio App.3d 673, 677.
 {¶ 54} In the case sub judice, appellant failed to file a pretrial financial statement as required by the Portage County Court of Common Pleas, Domestic Relations Division, Local Rule 5. This case was originally set for August 5, 2002, then reset for October 1, 2002. However, a hearing was not held until November 13, 2002. In this sense, appellant, who was represented by counsel, had more than a sufficient opportunity to file his pretrial financial affidavit, yet failed to do so. Also, appellant did not offer testimony at the hearing or rebut any of the testimony or evidence provided by appellee. Therefore, although appellant did not follow the requirement of Local Rule 5 by filing a pretrial statement, there is no mandate that one must be put into evidence. The trial court properly awarded spousal support to appellee based on her testimony and evidence which she presented. As such, the trial court did not abuse its discretion, commit plain error, or cause a manifest miscarriage of justice. Thus, appellant's third assignment of error is without merit.
 {¶ 55} In his fourth assignment of error, appellant argues that the trial court abused its discretion when it ordered him to pay spousal support to appellee for a period of three years. Appellant alleges that although the trial court recognized that the parties were married for eight years, it abused its discretion by awarding a longer period of support than that warranted by the term of the marriage. Also, appellant stresses that to require him to pay spousal support for three years is unreasonable, arbitrary, and capricious.
 {¶ 56} As previously addressed in appellant's second assignment of error, the trial court did not abuse its discretion with respect to the duration of the spousal support award for the same reasons set forth in the second assignment, pursuant to R.C.3105.18(C)(1), in determining that $300 per month for thirty-six months is "appropriate and reasonable." Thus, appellant's fourth assignment of error is without merit.
 {¶ 57} For the foregoing reasons, appellant's assignments of error are not well-taken. Also, appellee's App.R. 23 and Civ.R. 11 request for attorney fees and costs is without merit. The judgment of the Portage County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
Christley and Grendell, JJ., concur.