OPINION
{¶ 1} Appellant, Charles R. Jennison ("Husband"), appeals from the judgment entry of the Lake County Court of Common Pleas, Domestic Relations Division. In its final entry of divorce, the trial court ordered Husband to pay appellee, Judith M. Romano ("Wife"), $1,000 per month, for fifty-four months.
 {¶ 2} The relevant facts are as follows. Husband and Wife lived together since October 1980, and were married in a civil ceremony on November 12, 1993. No children were born of the marriage. On July 12, 2004, Wife filed a complaint for divorce with the Lake County Court of Common Pleas, Domestic Relations Division, alleging gross neglect, extreme cruelty and incompatibility.
 {¶ 3} The matter proceeded to a trial before a magistrate on February 8, 2005. On the day of trial, the parties entered into a settlement of all issues except for attorney fees, and spousal support. Evidence revealed at the hearing established that Wife was sixty-one years old and Husband was forty-eight years of age. In a separation agreement, the parties agreed the marital residence be conveyed to Wife and that she would assume all mortgage debt on it. Wife's son, daughter-in-law, and their child moved in with Wife. Upon the sale of their former residence, Wife's son and daughter-in-law intended to purchase Wife's residence. Wife planned to reside in the mother-in-law suite located on the premises. The parties stipulated that Wife's WW-2 income for 2004 was $14,513. Testimony established that she was employed for one year and three months as a pharmacy technician at the rate of $8.40 per hour. The magistrate found Wife's expenses totaled $1,928 per month, which included an interest only mortgage on the residence of $818 per month. Utilities were paid by her son, John.
 {¶ 4} While the divorce was pending, Husband purchased another residence for $155,000, with a monthly mortgage payment of $1,300. His monthly expenses totaled $2,435. Husband was employed by the city of Mentor since 1991, as a laborer/truck driver. The magistrate found Husband's income to be about three times that of the income of Wife. His gross income for 2004 was $46,883. Wife testified that in 1997, she suffered a heart attack and terminated her employment to care for Husband's mother until early 2003. The parties stipulated that Wife's WW-2 income for 2004 was $14,513. Testimony established that she was employed for one year and three months as a pharmacy technician at the rate of $8.40 per hour.
 {¶ 5} The magistrate issued a decision granting Wife spousal support in the amount of $1,000 per month for a period of fifty-four months. In its decision, the magistrate stated that the award of spousal support was based upon "specific factual findings in accordance with R.C. 3105.18(C)(1)."
 {¶ 6} Husband filed timely objections to the magistrate's decision. Specifically, Husband challenged the award of spousal support. He argued that in calculating the amount of spousal support the magistrate made inconsistent findings with respect to sources of income available to Wife, and cash available to Husband for living expenses after payment of his living expenses. Further, Husband argued that the magistrate failed to consider all the statutory factors of R.C. 3105.18(C)(1)(a)-(g).
 {¶ 7} On August 12, 2005, the trial court issued a judgment entry denying the objections and adopting the magistrate's decision. On October 17, 2005, the trial court issued its final judgment of divorce, which was consistent with its prior judgment entry and the magistrate's decision. Husband timely appealed the final judgment entry and raises the following sole assignment of error:
 {¶ 8} "The trial court abused its discretion and erred as a matter of law in awarding spousal support in the amount of $1,000.00 per month for a period of fifty-four months."
 {¶ 9} At the outset, Husband cites this court's decision in Dinard v.Dinard (May 29, 1992), 11th Dist. No. 91-T-4544,1992 Ohio App. LEXIS 2758, for the proposition that an award of spousal support must be predicated upon a finding of need. Husband's statement of the law is inaccurate. Dinard was decided under the former statutory language of R.C. 3105.18. The General Assembly has removed the standard of "necessary" from R.C. 3105.18 and now requires an appropriate and reasonable standard to be applied when determining spousal support.
 {¶ 10} The trial court has significant discretion in awarding spousal support in a domestic relations proceeding, provided the award is "`appropriate and reasonable.'" Bandish v. Bandish, 11th Dist. No. 2002-G-2489, 2004-Ohio 3544, at ¶ 14, citing Glass v. Glass (Dec. 22, 2000), 11th Dist. No. 99-L-120, 2000 Ohio App. LEXIS 6103, at 6. "While need is a factor to consider, the relevant question is whether the support order under construction is appropriate and reasonable under the circumstances." Buchal v. Buchal, 11th Dist. No. 2005-L-095,2006-Ohio-3879, fn. 2; Pengov v. Pengov, 11th Dist. No. 2002-G-2485,2003-Ohio-6755, at ¶ 24-25.
 {¶ 11} In Marchand v. Marchand, 11th Dist No. 2005-G-2610,2006-Ohio-3080, at ¶ 15, this court stated: "[w]e review a trial court's decision regarding spousal support under an abuse of discretion standard of review." An abuse of discretion is more than an error of judgment; it means that the trial court was "unreasonable, arbitrary, or unconscionable" in its ruling. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 12} To determine whether spousal support is reasonable and appropriate, the trial court is required to consider the following factors from R.C. 3105.18(C)(1):
 {¶ 13} "* * * (1) [T]he income of the parties; (2) the earning abilities of the parties; (3) the ages and health of the parties; (4) the parties' retirement benefits; (5) the duration of the marriage; (6) the appropriateness of the parties to seek employment outside the home; (7) the marital standard of living; (8) the education of the parties; (9) the assets and liabilities of the parties; (10) the contribution of either party to the other's education; (11) the cost of education of the party seeking support; (12) the tax consequences of a spousal support award; (13) the lost income that results from the parties' marital responsibilities; and (14) any other factor the court deems relevant."Davis v. Davis (Mar. 31, 2000), 11th Dist. No. 98-P-0122,2000 Ohio App. LEXIS 1443, at 7. For the following reasons, we conclude the trial court's spousal support award was reasonable and appropriate.
 {¶ 14} In his sole assignment of error, Husband cites R.C. 3105.18(A) to support his argument that the court failed to consider all sources of income available to Wife in determining spousal support. Husband contends that financial contributions from Wife's son and his wife to the household they share with her, is income attributable to Wife. For the reasons that follow, we find Husband's argument unpersuasive.
 {¶ 15} The fact that Wife has her son and his wife and their minor child residing with her does not affect whether or not she is entitled to spousal support. Collins v. Collins (July 18, 1995), 10th Dist. No. 95APF01-14, 1995 Ohio App. LEXIS 3001, at 9; Fortner v. Fortner (Mar. 10, 1994), 10th Dist. No. 93AP-1112, 1994 Ohio App. LEXIS 986, at 12. Nothing under R.C. 3105.18(C)(1) specifically requires the court to consider the possible contribution of an adult son or daughter in relation to whether spousal support was appropriate and reasonable. Instead, the contribution of an adult son or daughter is merely a discretionary factor that the court may consider if it deems the factor to be relevant. See, e.g., R.C. 3105.18(C)(1); Pengov at ¶ 25;Gordon v. Gordon, 11th Dist. No. 2004-T-0153, 2006-Ohio-51, at ¶ 26.
 {¶ 16} That being said, the court did consider the financial contributions of Wife's son and daughter-in-law. They pay for their own food, as well as the utilities. Further, the court found that "Wife has been paying the mortgage herself throughout this time. Testimony shows there is no expectation from [Wife's son] that Wife repay the small amount of cash she has been given by her family to meet monthly shortfalls. The amounts Wife receives from her family var[y] depending on how much overtime she works. Further, Wife is not an employee of her son and his wife." The court also noted that it was Husband who asked Wife and her son for assistance in eliminating his obligations under the mortgage on the marital residence. As a result, Wife refinanced the mortgage reducing payments from $1,700 per month to interest only payments of $800, which she agreed to assume, and her son and his family moved in. Regarding the award of spousal support, this court has held that "[t]he frugal spouse who has reduced his or her living expenses during the divorce proceedings should not be penalized for doing so."Pengov at ¶ 35.
 {¶ 17} On the basis of the foregoing, Husband's argument is not well-taken.
 {¶ 18} Next, Husband argues that the magistrate erred in calculating the amount of cash available to him to meet living expenses after payment of spousal support. Specifically, he argues that the magistrate failed to include a mandatory $334.50 per month payroll deduction for his participation in the Public Employees Retirement System ("PERS"). Since his PERS contribution is a "mandatory" wage deduction, Husband claims that the court erred by failing to consider it in its spousal support calculation of "cash available for living expenses."
 {¶ 19} A party's living expenses are not one of the specifically enumerated factors to be considered when determining spousal support. R.C. 3105.18. See, also, Pengov at ¶ 35. Thus, the trial court's consideration of a party's living expenses "is discretionary andmay be considered if the court finds such expenses to be relevant."Derrit v. Derrit, 163 Ohio App.3d 52, at ¶ 32; Pengov at ¶ 35.
 {¶ 20} R.C. 3119.01(C)(7)(d), provides for the exclusion of mandatory pension deductions from gross income for purposes of child support awards. However, the spousal support statute does not contain a similar provision for spousal support awards. Even so, it is clear that the court considered Husband's PERS deductions in its computation. In his decision, the magistrate noted that the PERS deduction was included in Husband's tax consequence summary and that "[Husband] may have a shortfall regarding expenses." The magistrate concluded that the spousal support "amount and duration is reasonable after considering all the statutory factors[.]" In its judgment entry adopting the magistrate's decision, the trial court stated: "the deduction of Husband's PERS payment is a contribution to his retirement plan." Retirement benefits of the parties are one factor enumerated for the court to consider in an award of spousal support. R.C. 3105.18(C)(1)(d).
 {¶ 21} Based on the foregoing, we cannot say that the trial court's determination regarding Husband's PERS deduction was unreasonable, arbitrary or unconscionable. Husband's argument is not well-taken.
 {¶ 22} As to its order of spousal support, the trial court considered the factors set forth in R.C. 3105.18(C), and provided a basis for its award. Specifically, the court predicated its spousal support award upon the ages, physical, mental and emotional conditions of the parties, their retirement benefits, assets and liabilities, and the lost income capacity of Wife due to marital responsibilities in caring for Husband's mother. The trial court made the following findings: "[Wife] is age 61 and [Husband] is age 48", Husband is in "good health," while [W]ife "suffered two heart attacks, has a mass on her kidney and was expected to have knee surgery in the near future." Regarding retirement benefits, the court found that social security is the only retirement plan for Wife. Husband has been a member of PERS for over 14 years. The trial court further found that Husband's mother resided with the parties from 1996, until her death. During that time, the parties agreed that Wife give up her job to care for her mother-in-law after she had a stroke. "While taking care of her Mother-in-law, Wife suffered her first heart attack. Husband's mother died in March 2003. The parties separated eight months later."
 {¶ 23} We further note that the trial court retained jurisdiction to modify the amount or duration of spousal support.
 {¶ 24} We conclude that the trial court did not abuse its discretion. Thus, Husband's sole assignment of error is without merit.
 {¶ 25} The judgment of the trial court is affirmed.
WILLIAM M. O'NEILL, J.,
CYNTHIA WESTCOTT RICE, J.,
concur.