[Cite as *Glover v. Glover*, 2017-Ohio-4128.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| SIDNEY L. GLOVER, JR., | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2016-T-0087** |
| TIERRA MOLDEN GLOVER, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Domestic Relations Division, Case No. 2015 DR 00323.

Judgment: Affirmed.

*Christopher A. Maruca,* The Maruca Law Firm, LLC, 201 E. Commerce St., #316, Youngstown, OH 44503 (For Plaintiff-Appellant).

*Gary R. Rich,* 342 Mahoning Avenue, N.W., P.O. Box 4010, Warren, OH 44482 (For Defendant-Appellee).

COLLEEN MARY O'TOOLE, J.

{¶1} Sidney L. Glover, Jr., appeals from the judgment entry of the Trumbull County Court of Common Pleas, Division of Domestic Relations, granting a divorce between himself and Tierra Molden Glover. Sidney asserts the trial court abused its discretion in giving Tierra custody of their minor daughters, S.G. (d/o/b December 2, 2008), and L.G. (d/o/b February 7, 2014), and allowing Tierra to move with the children to Las Vegas, Nevada. Finding no abuse of discretion, we affirm.

{¶2} Sidney and Tierra were friends since high school. Sidney has another daughter, T.G. (d/o/b August 3, 2005), by a prior relationship. After Sidney and Tierra commenced their relationship in 2008, T.G. lived with them. At the time of the divorce, Sidney was a special education teacher with the Mahoning County Educational Service Center. He also worked at Leeda Northeast, Inc., a company in Warren, Ohio, which provides services to the disabled, and had founded his own company to provide similar services. Tierra graduated from the Cordon Bleu school in Las Vegas, Nevada, and is a chef. The couple married in Cortland, Ohio, February 14, 2011.

{¶3} Even after the couple commenced their relationship, they were frequently apart. Tierra did not complete her training at the Cordon Bleu until 2010, and spent much of each year in Las Vegas, where her mother is a nurse. Sidney had an undisclosed relationship with the Buffalo Bills football team, and spent time in Buffalo. The couple had numerous disagreements.

{¶4} On September 18, 2015, Tierra took S.G. and L.G. with her on an alleged weekend trip to visit family in Columbus, Ohio. From Columbus, she flew to her mother's in Las Vegas, without informing Sidney. While in Las Vegas, she wrote a check for $7000 to her mother on Sidney's business checking account. Eventually, the bank returned the money to Sidney, since Tierra was not a signatory on the account. Sidney filed for divorce September 22, 2015. In early October, 2015, he flew to Las Vegas to see the children, but Tierra refused to meet with him. Tierra answered the divorce complaint October 16, 2015. October 27, 2015, the trial court's magistrate issued a temporary order, giving Tierra two choices. The first was to return to Ohio with the children and receive exclusive use of the marital home along with possession of the

2

children, Sidney's parenting time to be that set forth in the trial court's standard visitation guidelines. The second choice was to remain with the children in Las Vegas, and pay all expenses for them to visit Sidney in Ohio over the Thanksgiving and Christmas breaks. October 27, 2015, attorney John Ams was appointed guardian ad litem for the children. November 3, 2015, Tierra counterclaimed for divorce.

{¶5} Hearing was held before the magistrate November 4 and 13, 2015. The magistrate issued another temporary order December 4, 2015. He ordered that Tierra return to Ohio with the children, and designated Tierra their temporary residential parent. Sidney was given standard visitation. Tierra was given exclusive use of the marital residence, free from interference by Sidney. Sidney was ordered to pay all expenses associated with the marital residence and household. While not embodied in the temporary order, it appears the parties agreed Tierra should have use of a van owned by Sidney.

{¶6} Sidney saw the children at Thanksgiving, 2015, evidently in Las Vegas. Tierra returned to Ohio in December 2015.

{¶7} In the early morning hours of January 26, 2016, Sidney drove past the marital residence. At trial, he testified he saw a man get out of a taxi, and enter the house briefly. He admitted to grabbing the man when he exited, but claimed the man fled to the taxi. Tierra testified that the man was a friend, bringing her some money for food, since Sidney had provided little, and that they spoke on the porch. She testified when she saw Sidney approaching, she entered the house, but that Sidney came in, and grabbed her. Sidney was charged with domestic violence.[1]

---

1. In his brief on appeal, Sidney asserts he was acquitted of the domestic violence charge following jury trial in the Warren Municipal Court July 25, 2016.

{¶8} Following the January 26, 2016 incident, Tierra took the children to her father's house in Warren, Ohio. Sidney thereafter entered the marital residence, to which he retained keys. He removed most of the furnishings. He changed the security alarm code. He further had the utilities turned off. At the time of trial in this matter, July 11, 2016, Tierra still had no water. Sidney largely ceased exercising his visitation rights until the summer of 2016.

{¶9} Hearing was held before the trial court February 11, 2016. By an order filed February 12, 2016, the trial court ordered Sidney to give Tierra all the keys to the marital residence. It further appears Sydney had sold the van which was supposed to be for Tierra's use to a friend, thus invalidating the registration and plates. He was ordered to rectify this situation. By the time of trial, he had not: Tierra testified she had been stopped and warned by police on seven different occasions.

{¶10} Hearing was held before the magistrate March 18, 2016. By an order filed March 22, 2016, the magistrate ordered Sidney to pay $983 a month in child support, retroactive to January 1, 2016. At the time of trial, Sidney remained in arrears.

{¶11} Trial commenced July 11, 2016. The guardian ad litem had filed a report recommending that Tierra be given custody of the children, and be allowed to move with them to Las Vegas, Sidney to receive long distance visitation. The guardian ad litem noted that L.G. was too young to express her wishes regarding custody, but that S.G. wished to live with her mother in Las Vegas. Tierra introduced extensive evidence about her mother's home, where she intended to live, and the school S.G. would attend.

4

{¶12} The trial court entered its judgment granting the parties a divorce August 17, 2016. The trial court awarded custody of the children to Tierra. In relevant part, the judgment entry states:

{¶13} "The reasons [for giving custody to Tierra] are that the Court does not feel the parties are able to put the children's interests above their own. While [Sidney] expressed some legitimate concerns, he offered no evidence to prove his claims. The Court feels that [Tierra] currently has the most stable environment although the Court is not impressed with the decisions she has made during this process. The Court acknowledges that both parents love their children, but feels their animosity towards each other is greater than their love for their children. The Court hopes that they will be able to communicate better and plan for their children's future as parents."

{¶14} August 29, 2016, Sidney timely noticed this appeal, assigning a single error: "The Trial Court abused its discretion in failing to order Shared Parenting with the Minor Children remaining in the State of Ohio, or alternately designating Father/Appellant residential parent of the Minor Children, despite the overwhelming weight of the evidence." [2]

{¶15} We review a trial court's custody decisions for abuse of discretion. *Pengov v. Pengov*, 11th Dist. Geauga No. 2002-G-2485, 2003-Ohio-6755, ¶40, citing *Davis v. Flickinger*, 77 Ohio St.3d 415 (1997), paragraph one of the syllabus. Regarding this standard, we recall the term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal

---

2. Tierra has not filed a brief on appeal.

5

standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.)

**{¶16}** In resolving child custody disputes, a trial court must look to the best interests of the child. *Pengov*, *supra*, at ¶41, citing *Gardini v. Moyer*, 61 Ohio St.3d 479, 483 (1991). R.C. 3109.04(F)(1) provides a nonexclusive list of factors a trial court must consider in making a best interest determination  These include:

**{¶17}** "(a) The wishes of the child's parents regarding the child's care;

**{¶18}** "(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;

**{¶19}** "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;

**{¶20}** "(d) The child's adjustment to the child's home, school, and community;

**{¶21}** "(e) The mental and physical health of all persons involved in the situation;

**{¶22}** "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;

**{¶23}** "(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;

**{¶24}** "(h) Whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any criminal offense

6

involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code or a sexually oriented offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;

{¶25} "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;

{¶26} "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."

{¶27} In support of his assignment of error, Sidney raises several arguments. He observes he is well-bonded with his two youngest daughters, and that they had a close relationship with his older daughter, T.G. These are relevant factors pursuant to R.C. 3109.04(F)(1)(c). He notes that Tierra tested positive for marijuana only a week

before trial (she testified she does not regularly use the drug, but had some at a Fourth of July party due to the stress of the divorce proceedings). He notes that she has no house of her own, and was unemployed at the time of trial. He argues the guardian ad litem failed in his duty by not conducting a home inspection of Sidney's mother's house, where he was living during the divorce proceedings. He emphasizes that Tierra took the children out of state for three months without telling him, and denied him visitation on at least one occasion during that time period.

{¶28} We are respectfully unconvinced. When Tierra returned with the children to Ohio in December 2015, Sidney was under a court order to give her complete use of the marital residence, without interference, and to pay all of her household expenses. He violated this court order, willfully, and in extreme measure. After the alleged domestic violence incident January 26, 2016, he removed most of the furnishings from the marital residence, and changed the security code, so Tierra could not enter. He cut off the utilities, in the middle of winter. He sold the van Tierra used for transportation, subjecting her to repeated police stops. He provided hardly any money for food.

{¶29} This is not a neglect or dependency case. However, we note that referrals for neglect can be made when a child is found living in a house without utilities. *See, e.g.*, *In re Freeland*, 9th Dist. Summit Nos. 19980, 19981, 19982, 19983, 2000 WL 1140437 (Aug. 9, 2000), *6; *In re Aughburns*, 8th Dist. Cuyahoga No. 78572, 2001 WL 370503 (April 9, 2001), *1. In this case, Sidney's malice toward Tierra was so great, that he happily put his daughters into a situation amounting to neglect, just for revenge. This indicates to us the children's best interests are served by being in the custody of their mother, in Las Vegas, where she can make a living at her profession.

**{¶30}** The assignment of error lacks merit.

**{¶31}** The judgment of the Trumbull County Court of Common Pleas, Division of Domestic Relations, is affirmed.


CYNTHIA WESTCOTT RICE, P.J.,

THOMAS R. WRIGHT, J.,

concur.

9