OPINION
{¶ 1} The following is an accelerated calendar appeal submitted on the briefs of the parties. Appellant, Thomas C. Gordon, appeals from a judgment entry of the Trumbull County Court of Common Pleas, Domestic Relations Division, granting appellee, Philicia R. Gordon, spousal support. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} By way of background, appellant and appellee were married on November 28, 1981. Two children were born as issue of the marriage; Brian, who was emancipated when the parties legally separated, and Michael, who was born July 24, 1984.
 {¶ 3} On February 2, 2004, appellant filed a complaint for divorce from appellee with the Trumbull County Court of Common Pleas, Domestic Relations Division. Appellee filed a timely answer. Ultimately, the court granted the parties leave to convert this matter from an action in divorce to an action for legal separation.
 {¶ 4} The parties entered stipulations and agreements which resolved all matters pertaining to the separation, except for spousal support. The court held a hearing on the issue of spousal support, and the following facts were revealed.
 {¶ 5} Appellee, Michael, and Brian lived together in a mobile home. Michael has a mental disability and he functions at the intelligence level of a five year old. He receives social security supplemental income benefits in the amount of $540 per month. As a result, appellee is required to provide constant and continuous care for Michael. Appellee testified that while she wanted a full time job, Michael's special needs prevented her from acquiring employment. In addition, appellee also has a medical condition known as ovarian cystic syndrome, which required medical treatment.
 {¶ 6} Although Brian lives with appellee and works full time, he does not contribute to any living expenses associated with appellee's residence. But appellee stated that Brian residing in the mobile home did not increase her living expenses. Moreover, appellee testified that Brian rarely provided her with assistance as to Michael's special needs.
 {¶ 7} Appellee stated that she had considered enrolling Michael into a workshop, which he would attend on a daily basis, thereby allowing her the opportunity to find employment. However, Michael refused to attend the workshop because he was scared appellee would be abandoning him. Michael was also receiving medication to alleviate depression. As a result, appellee concluded that Michael was not ready to be enrolled in the workshop and was unable to determine if or when he could be enrolled.
 {¶ 8} Appellant testified that his annual salary was $54,300. He further stated that he would be willing to provide care for Michael from 3:00 p.m. until 9:00 p.m. on weekdays. However, appellant conceded that he did not have any previous experience in providing Michael with on-going and consistent care. Also, nothing established that this care would be provided on a permanent basis.
 {¶ 9} Following the hearing, the trial court issued its findings of fact and conclusions of law with respect to spousal support. The trial court considered the relevant statutory factors and stated it findings in relation thereto. Based upon its findings, the court ordered that appellant pay appellee spousal support in the amount of $1,400 per month. The court also retained jurisdiction over the issue of spousal support, to modify the support due to a change in circumstances.
 {¶ 10} From this judgment, appellant filed a timely notice of appeal and now sets forth the following two assignments of error for our consideration:
 {¶ 11} "[1.] The trial court failed to make specific and well-grounded findings which support an award of spousal support without a specific termination date.
 {¶ 12} "[2.] The trial court abused its discretion in its determination as to the amount of the order of spousal support."
 {¶ 13} We will first set forth the standard of review applied to appellant's two assignments of error. It is well-established that under R.C. 3105.18(C)(1) the trial court enjoys broad discretion in awarding spousal support to either party when it is "appropriate and reasonable" to do so. Glass v. Glass (Dec. 22, 2000), 11th Dist. No. 99-L-120, 2000 Ohio App. LEXIS 6103, at 6. Such an award will not be disturbed on appeal absent an abuse of discretion. Pengov v. Pengov, 11th Dist. No. 2002-G-2485,2003-Ohio-6755, at ¶ 18. Abuse of discretion suggests more than just a mere error of law or judgment on the part of the trial court; rather it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 14} Under his first assignment of error, appellant contends that the trial court abused its discretion by failing to establish a specific termination date for the spousal support award. He maintains that a specific termination date was required because the evidenced demonstrated appellee could obtain employment and become self-supporting within a reasonable time and with reasonable effort.
 {¶ 15} Appellant's argument relies upon Kunkle v. Kunkle
(1990), 51 Ohio St.3d 64, 69, in which the Ohio Supreme Court held that, generally, an award of spousal support should provide for a termination of the award within a reasonable time and upon a certain date. The purpose of this general rule is "to place a definitive limit upon the parties' rights and responsibilities." Id.
 {¶ 16} Nevertheless, this court, in previously examining the issue posited by appellant, has opined that "the establishment of a termination date for spousal support [is] not mandatory and [we] recognize several exceptions to the general rule."Lonsway v. Lonsway (Sept. 3, 1999), 11th Dist. Nos. 98-L-130 and 98-L-171, 1999 Ohio App. LEXIS 4135, at 12-13. See, also,Griffith v. Griffith (June 17, 1994), 11th Dist. No. 93-G-1778, 1994 Ohio App. LEXIS 2664, at 11. These exceptions were based upon the Court's holding in Kunkle.
 {¶ 17} Specifically, in Kunkle, the Court noted that a termination date should be implemented when "a payee spouse has the resources, ability and potential to be self-supporting." Id. at 69. See, also, Griffith at 11. Absent the resources, ability, and potential to be self supporting a termination date is not required. See, e.g., Kunkle; Griffith; Lonsway.
 {¶ 18} Moreover, "[a] trial court may also award spousal support without a termination date if the establishment of a definitive date would impose an undue hardship on either payor or payee." Griffith at 11. See, also, Lonsway at 13. For example, it is within the trial court's discretion to decline to set a termination date "in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home." Kunkle at 69. See, also, Griffith at 11-12; Lonsway
at 13.
 {¶ 19} Based upon the evidence presented at the hearing, the trial court did not abuse its discretion by declining to set a termination date for spousal support. Appellee testified that Michael's disabilities are permanent and require her constant and on-going care. As a result, she cannot obtain employment.
 {¶ 20} Appellee further testified with respect to enrolling Michael in a daily workshop where he could be supervised by other individuals during the day. Although Michael's enrollment in the workshop would allow appellee the opportunity to obtain employment, he has refused to attend the workshop. Michael's refusal to attend was exacerbated by his depression and fear of abandonment. Thus, at the time of the hearing, appellee did not have the resources or ability to become self-supporting.
 {¶ 21} While appellant offered to care for Michael from 3:00 p.m. to 9:00 p.m. on weekdays, he conceded that he had a limited amount of experience in providing Michael with constant and ongoing care for his special needs. Also, appellant failed to establish that he could care for Michael during this time period on a permanent basis. Again, appellee's only option at the time of the hearing was to forego employment to care for Michael.
 {¶ 22} In conclusion, appellee did not have the ability or resources to become self-supporting. To obtain employment would present an undue hardship to appellee's necessary and important goal of caring for Michael. The evidence presented failed to establish a reasonable time in which the surrounding circumstances would allow appellee to become self-supporting. Thus, the trial court did not abuse its discretion by declining to set a specific termination date of spousal support. Instead, the court properly retained jurisdiction regarding spousal support to modify its award if necessary. Appellant's first assignment of error is without merit.
 {¶ 23} Under his second assignment of error, appellant argues that the trial court's award of spousal support represented an abuse of discretion because the court failed to consider Brian's income as a resource. In short, appellant contends that Brian should have been considered an available resource to assist appellee in supporting herself, thereby necessitating a reduction in spousal support.
 {¶ 24} To determine whether spousal support is appropriate and reasonable, the trial court is required to consider the following factors from R.C. 3105.18(C)(1):
 {¶ 25} "(1) the income of the parties; (2) the earning abilities of the parties; (3) the ages and health of the parties; (4) the parties' retirement benefits; (5) the duration of the marriage; (6) the appropriateness of the parties to seek employment outside the home; (7) the marital standard of living; (8) the education of the parties; (9) the assets and liabilities of the parties; (10) the contribution of either party to the other's education; (11) the cost of education of the party seeking support; (12) the tax consequences of a spousal support award; (13) the lost income that results from the parties' marital responsibilities; and (14) any other factor the court deems relevant." Davis v. Davis (Mar. 31, 2000), 11th Dist. No. 98-P-0122, 2000 WL 522481, at 3.
 {¶ 26} Nothing under R.C. 3105.18(C)(1) specifically required the court to consider the possible contribution of an adult son or daughter in relation to whether spousal support was appropriate and reasonable. Instead, the contribution of an adult son or daughter is merely a discretionary factor that the court may consider if it deems the factor to be relevant. See, e.g., R.C. 3105.18(C)(1); Pengov at ¶ 25.
 {¶ 27} Here, the court apparently found that Brian's possible contributions to appellee was not relevant. Appellee's testimony supports the court's finding, as she testified that Brian residing with her neither helped nor hurt her financial situation. She stated that while Brian did not pay any form of rent or help with Michael, he was self-supporting. There was no evidence presented that Brian was willing to contribute or assist appellee. Thus, the court properly deemed any possible contribution associated with Brian as irrelevant. Accordingly, the court's spousal support award did not represent an abuse of discretion, and appellant's second assignment of error is without merit.
 {¶ 28} Based upon the foregoing analysis, appellant's first and second assignments of error are without merit. We hereby affirm the judgment of the trial court.
O'Neill, J., concurs.
Grendell, J., concurs in judgment only.