OPINION
{¶ 1} Appellant, Alfred A. Mulliken, Jr. ("Alfred"), appeals from the judgment of the Geauga County Court of Common Pleas, granting him and his wife of thirty-nine years, Gerlinde H. Mulliken ("Gerlinde"), a divorce on the grounds of incompatibility. We affirm in part, reverse in part, and remand this matter.
 {¶ 2} Alfred and Gerlinde were married March 13, 1965, in Germany. Four children, now emancipated, were issue of the marriage. Alfred owns a successful insurance agency. Gerlinde worked for the agency from home for many years. The couple also owned various rental properties.
 {¶ 3} Alfred filed for divorce Christmas Eve, 2003, on the grounds of incompatibility. Gerlinde answered and counterclaimed for divorce, also due to incompatibility. The parties negotiated a stipulation regarding their marital assets and debts, which was filed with the trial court August 11, 2004. Each party received approximately one million dollars due to this settlement. Four issues remained in dispute: temporary and permanent spousal support; social security benefits; medical insurance; and attorney fees.
 {¶ 4} Trial was had before the magistrate October 27 and 28, 2004. She issued her decision November 5, 2004. Alfred timely objected to her decision, which objections were overruled by the trial court December 29, 2004. Alfred timely noticed this appeal, making six assignments of error:
 {¶ 5} "[1.] The trial court abused its discretion when it awarded appellee temporary spousal support.
 {¶ 6} "[2.] The trial court abused its discretion in its award of permanent spousal support to appellee [.]
 {¶ 7} "[3.] The trial court abused its discretion when it ordered appellant to pay appellee half of his social security payments when the appellant attains the age of 65 [.]
 {¶ 8} "[4.] The trial court abused its discretion by awarding appellee an arbitrary amount of attorney's fees [.]
 {¶ 9} "[5.] The trial court abused its discretion by affirming the magistrate's decision pertaining to the cost of medical insurance payments [.]
 {¶ 10} "[6.] The trial court erred by ordering appellant to maintain a life insurance policy to secure payment of spousal support [.]"
 {¶ 11} By his first and second assignments of error, Alfred attacks the trial court's award of temporary spousal support to Gerlinde, in the amount of $3,500 for September through November, 2004, and permanent spousal support, in the amount of $3,000 per month thereafter. Alfred argues that the trial court grossly overrated his income, and underrated Gerlinde's anticipated income, both from her investments and anticipated return to the workforce.
 {¶ 12} A trial court enjoys broad discretion in awarding spousal support under R.C. 3105.18(C)(1). Gordon v. Gordon,
11th Dist. No. 2004-T-0153, 2006-Ohio-51, at ¶ 13. The trial court must consider the factors enumerated under R.C.3105.18(C)(1) in making the award. Stafinsky v. Stafinsky
(1996), 116 Ohio App.3d 781, 784. It then must set forth the basis for its award in sufficient detail for adequate appellate review. Id. The trial court's award is reviewed for abuse of discretion. Gordon at ¶ 13. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 13} R.C. 3105.18(C)(1) lists fourteen factors a trial court shall consider when making an award of spousal support:
 {¶ 14} "(a) The income of the parties, from all sources * * *;
 {¶ 15} (b) The relative earning abilities of the parties;
 {¶ 16} (c) The ages and the physical, mental and emotional conditions of the parties;
 {¶ 17} (d) The retirement benefits of the parties;
 {¶ 18} (e) The duration of the marriage
 {¶ 19} (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 20} (g) The standard of living of the parties established during the marriage;
 {¶ 21} (h) The relative extent of education of the parties;
 {¶ 22} (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 23} (j) The contribution of each party to the education, training, or earning ability of the other party * * *;
 {¶ 24} (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 25} (l) The tax consequences, for each party, of an award of spousal support;
 {¶ 26} (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 27} (n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 28} In this case, the magistrate made more than sufficient findings regarding the statutory factors set forth at R.C.3105.18(C)(1). She found that the parties were well-educated, and that Alfred had contributed to Gerlinde's education. She found that the parties had led an upper-middle class or upper class lifestyle. She found that both were in their sixties, and in good health. She found that Gerlinde had significantly reduced her income productivity to raise the couple's children, and to work for the family business. She found that Gerlinde might have difficulty in obtaining employment at her age. She found the marriage to be long-term. She found that Alfred had a monthly income of $8, 632.25, and expenses of $2,233; whereas Gerlinde has a monthly income of $1,928.50 (prior to employment), and expenses of $4,462.27. She found that Gerlinde's expectation for future employment income would only be $900 monthly.
 {¶ 29} Alfred objects that the magistrate and the trial court overestimated his monthly income. Conflicting evidence on this subject was introduced. This court cannot substitute its judgment regarding an evidentiary issue for that of the trial court.
 {¶ 30} There being no indication that the trial court abused its discretion in making its awards of temporary and permanent spousal support, the first and second assignments of error are without merit.
 {¶ 31} By his third assignment of error, Alfred alleges that the trial court abused its discretion in ordering him to equalize his Social Security benefits with Gerlinde's, by paying her a sum sufficient to achieve this goal commencing when he turns sixty-five. It is well-recognized that Social Security benefits may be considered by a trial court in making an equitable distribution of marital assets in a divorce, pursuant to R.C.3105.171. Neville v. Neville, 99 Ohio St.3d 275,2003-Ohio-3624, at the syllabus. Equally well-recognized is the fact that federal law prohibits the division of Social Security benefits in divorce. Id. at ¶ 7. Effectively, under Ohio domestic relations law, Social Security benefits are an asset, not a source of support. If one party to a divorce has Social Security benefits greatly exceeding those of the other party, and "equalization" is sought, then the "equalization" must be achieved either through a lump sum payment, or from some source of income apart from the Social Security itself.
 {¶ 32} In this case, the trial court did not order the division of Alfred's Social Security benefits: it ordered him to pay sufficient money, from whatever source, to effect an equalization of benefits with Gerlinde. However, the parties had already divided most of their marital assets by stipulation. Further, the magistrate specifically stated in her decision that this equalization served as "additional spousal support." Pursuant to the authority of Neville, this was an abuse of discretion. The matter must be reversed and remanded. On remand, the trial court must consider what sum or sums of money, if any, Alfred should pay to Gerlinde, in lieu of Social Security benefits, in relation to all of the marital assets.
 {¶ 33} The third assignment of error has merit.
 {¶ 34} By his fourth assignment of error, Alfred alleges the trial court abused its discretion in awarding Gerlinde $10,000 in attorney fees. As part of an award of spousal support, a trial court may grant attorney fees to a party in a divorce proceeding. R.C. 3105.18(H); Harris v. Harris, 11th Dist No. 2002-A-81,2003-Ohio-5350, at ¶ 31. The fees must be reasonable; the party paying the fees must have a demonstrated ability to do so; and neither party must be prevented from fully litigating their rights in the absence of an award. Harris at ¶ 31.
 {¶ 35} In support of his assignment of error, Alfred notes that the magistrate determined both the parties could adequately defend their rights in the divorce proceeding without an award. However, evidence was introduced at trial indicating that Gerlinde's legal bills were in excess of $10,000. Her attorney testified concerning his charges. The magistrate determined that Alfred had the ability to pay $10,000 toward Gerlinde's legal bills as spousal support. There is nothing to show the trial court abused its discretion in making the award.
 {¶ 36} The fourth assignment of error is without merit.
 {¶ 37} By his fifth assignment of error, Alfred attacks the trial court's determination that he should pay money to Gerlinde to equalize the costs of medical insurance, as a form of spousal support. Alfred is the beneficiary of lifetime medical benefits under the settlement of a federal lawsuit. Gerlinde was, until the time of her divorce, covered by Alfred's benefits. Alfred contends that Gerlinde failed to submit any evidence regarding her costs for obtaining medical insurance.
 {¶ 38} This is untrue. Some evidence was elicited concerning the potential costs for COBRA coverage for Gerlinde. In any case, there is simply nothing inequitable about requiring spousal support in the form of medical insurance cost equalization, after a marriage of such duration.
 {¶ 39} The fifth assignment of error is without merit.
 {¶ 40} By his sixth assignment of error, Alfred attacks the trial court's conclusion that he should maintain in effect sufficient life insurance to secure payment of his spousal support obligations. In Vlah v. Vlah (Nov. 28, 1997), 11th Dist. No. 97-G-2049, 1997 Ohio App. LEXIS 5327, this court established specific guidelines for when a trial court can order an obligor to maintain life insurance for the purpose of securing spousal support. We held:
 {¶ 41} "* * * that a trial court may, in its discretion, order a spousal support obligor to maintain a currently-existing life insurance policy in favor of the support obligee if the divorce decree (1) expressly extends the support obligation beyond the obligor's death and (2) specifies the court's reasons for ordering the maintenance of the life insurance policy as security for the spousal support award." Vlah at *7. (Emphasis sic).
 {¶ 42} In the instant case, there is evidence that Alfred has various currently-existing life insurance policies. The decision of the magistrate specifically provides that "all remaining and unpaid spousal support should survive [Alfred's] death and become a charge against his estate," if he fails to maintain an insurance policy to secure unpaid spousal support. This is sufficient to meet the test in Vlah.
 {¶ 43} Consequently, the sixth assignment of error is without merit.
 {¶ 44} The third assignment of error has merit. The other five assignments of error are without merit. The judgment of the Geauga County Court of Common Pleas is affirmed in part, reversed in part, and this matter is remanded for further proceedings consistent with this opinion.
O'Neill, J., Rice, J., concur.