OPINION
{¶ 1} Alfred A. Mulliken ("Alfred") appeals from the judgment of the Geauga County Court of Common Pleas, awarding his former wife, Gerlinde H. Mulliken ("Gerlinde"), a lump sum, with interest, to effect an equitable division of their marital assets relative to Social Security benefits. We affirm in part and reverse in part.
 {¶ 2} After a lengthy marriage, Alfred, a successful insurance agent, filed for divorce from Gerlinde Christmas Eve, 2003. Mulliken v.Mulliken, 11th Dist. No. 2005-G-2615, 2006-Ohio-4178, at ¶ 2-3
(hereinafter, "Mulliken I"). Gerlinde answered and *Page 2 
counterclaimed for divorce. Id. at ¶ 3. The parties negotiated and filed with the trial court a stipulation regarding most of their marital assets, allotting each of them approximately one million dollars. Id. Unfortunately, the parties could not agree concerning four issues — spousal support, social security benefits, medical insurance, and attorney fees. Id.
 {¶ 3} Trial was had before the magistrate in October 2004, on the unresolved issues between the parties. Mulliken I at ¶ 4. She issued her decision November 5, 2004; and, Alfred timely filed objections with the trial court, which that court overruled December 29, 2004. Id. Alfred timely noticed appeal to this court, assigning six errors. Id. at ¶ 4-10. By our decision in Mulliken I, announced August 11, 2006, and filed August 14, 2006, we found five of the six assignments of error without merit. Id. at ¶ 44. However, we found his third assignment of error, stating, "[t]he trial court abused its discretion when it ordered appellant to pay appellee half of his social security payments when [appellant] attains the age of 65[,]" with merit. Id. at ¶ 7, 31-33, 44. We held:
 {¶ 4} "By his third assignment of error, Alfred alleges that the trial court abused its discretion in ordering him to equalize his Social Security benefits with Gerlinde's, by paying her a sum sufficient to achieve this goal commencing when he turns sixty-five. It is we ll-recognized that Social Security benefits may be considered by a trial court in making an equitable distribution of marital assets in a divorce, pursuant to R.C. 3105.171. Neville v. Neville,99 Ohio St.3d 275, 2003-Ohio-3624, * * *, at the syllabus. Equally well-recognized is the fact that federal law prohibits the division of Social Security benefits in divorce. Id. at ¶ 7. * * *[.] *Page 3 
 {¶ 5} "In this case, the trial court did not order the division of Alfred's Social Security benefits: it ordered him to pay sufficient money, from whatever source, to effect an equalization of benefits with Gerlinde. However, the parties had already divided most of their marital assets by stipulation. Further, the magistrate specifically stated in her decision that this equalization served as `additional spousal support.' Pursuant to the authority of Neville, this was an abuse of discretion. The matter must be reversed and remanded. On remand, the trial court must consider what sum or sums of money, if any, Alfred should pay to Gerlinde, in lieu of Social Security benefits, in relation to all of the marital assets.
 {¶ 6} "The third assignment of error has merit." Mulliken I, at ¶ 31-33.
 {¶ 7} Alfred timely appealed our judgment in Mulliken I to the Supreme Court of Ohio, which declined jurisdiction without an opinion.Mulliken v. Mulliken, 112 Ohio St.3d 1421, 2006-Ohio-6712.
 {¶ 8} On remand, the case was once again referred to the magistrate, the parties agreeing to waive their rights to a hearing, and have the Social Security issue decided on the briefs. August 1, 2007, the magistrate filed her decision. She found that the then-present value of Alfred's marital Social Security benefits was $277,618.23, whereas Gerlinde's was $102,398.59. She recommended that Alfred make an additional property settlement payment of $87,609.82 to Gerlinde, with interest at 8% from the time of the original divorce decree, December 29, 2007.
 {¶ 9} Alfred filed timely objections to the magistrate's decision. September 17, 2007, the trial court filed its judgment entry on the objections. It adopted and affirmed the magistrate's decision, except for the date on which interest on the additional *Page 4 
property settlement payment should commence accruing. Evidently finding Alfred should have been allowed time to accumulate the sums necessary, it stated in the body of its judgment entry that interest should accrue from July 1, 2005. However, in the order incorporated in the judgment entry, it used a date of July 1, 2006.
 {¶ 10} October 15, 2007, Alfred timely noticed this appeal.
 {¶ 11} October 25, 2007, the trial court filed a judgment entry nunc pro tunc, correcting the dates interest should accrue on the additional property settlement payment to July 1, 2005.
 {¶ 12} Alfred assigns two errors:
 {¶ 13} "[1] THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT AWARDED APPELLEE AN ADDITIONAL PROPERTY SETTLEMENT[.]
 {¶ 14} "[2] THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING RETROACTIVE INTEREST ON THE ADDITIONAL PROPERTY SETTLEMENT[.]"
 {¶ 15} A trial court's judgment regarding whether to adopt, reject, or modify a magistrate's opinion is reviewed for abuse of discretion,Lucas v. Lucas, 11th Dist. No. 2007-L-058, 2007-Ohio-5607, at ¶ 10; as are its decisions regarding the division of marital assets. Brady v.Brady, 11th Dist. No. 2007-P-0059, 2008-Ohio-1657, at ¶ 16. An abuse of discretion is no mere error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Rather, the phrase connotes an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court. Id. Therefore, "abuse of discretion" describes a judgment neither comporting with the record, nor reason. See, e.g., State v.Ferranto (1925), 112 Ohio St. 667, 676-678. *Page 5 
 {¶ 16} In support of his first assignment of error, Alfred argues, essentially, that it is too late to consider the issue of Social Security benefits, since, pursuant to federal law and Neville, those benefits can only be considered in relation to the division of marital assets, which was done by stipulation of the parties, without consideration of their differing Social Security entitlements.
 {¶ 17} We respectfully disagree.
 {¶ 18} "Under the doctrine of the law of the case, the decision of an appellate court in a case establishes the law of that case for all subsequent proceedings therein, not only in the trial court but also in subsequent proceedings in the same reviewing court. Robinson v.Pennsylvania Rd. Co. (1927), 117 Ohio St. 43, * * *. The purpose of the rule is to ensure that upon remand, the mandate of an appellate court is followed by the trial court. Stemen v. Shibley (1982),11 Ohio App.3d 263, 265, * * *." Local No. 74, Am. Fedn. of State, Cty. and Mun.Employees v. Warren, 174 Ohio App.3d 66, 2007-Ohio-6253, at ¶ 18. (Parallel citations omitted.)
 {¶ 19} In this case, the parties divided the balance of their marital assets by stipulation, but were unable to reach an agreement about their disparate Social Security benefits — though the record clearly indicates that some adjustment to account for the disparity was contemplated by the parties. Originally, the trial court treated the matter as one pertaining to spousal support. In Mulliken I, we identified this as error, pursuant to federal law and Neville, and ordered that, on remand, the trial court determine, "what sum or sums of money, if any, Alfred should pay to Gerlinde, in lieu of Social Security benefits, in relation to all of the marital assets." Mulliken I at ¶ 32. That is, we held the trial court could, if it deemed it equitable, fashion some further property or monetary *Page 6 
exchange to account for the disparity in the parties' Social Security benefits. Alfred appealed our decision to the Supreme Court, which declined jurisdiction. Consequently, our decision in Mulliken I is law of the case; and, the trial court did not abuse its discretion in determining, pursuant to our remand, that an additional property settlement payment by Alfred to Gerlinde was appropriate.
 {¶ 20} The first assignment of error lacks merit.
 {¶ 21} By his second assignment of error, Alfred argues it was improper for the trial court to award interest on the additional property settlement payment retroactive to July 1, 2005. We agree.
 {¶ 22} First, we note that, on the record properly before this court, it is unclear what date the interest would commence accruing under the trial court's orders. Its original, September 17, 2007 judgment entry used two dates: July 1, 2005, and July 1, 2006. This is the judgment entry on appeal, since its nunc pro tunc entry of October 25, 2007, is a nullity. Pursuant to Civ. R. 60(A), once an appeal is pending, clerical errors in the entry appealed may only be made with leave of the appellate court. No leave was obtained in this case, rendering the October 25, 2007 judgment entry of no effect. Ickes v. CNA Ins. Co. dbaTranscontinental Ins. Co., 5th Dist. No. 2001CA00241, 2002-Ohio-2531, at ¶ 19; Weinstock v. Yeshivath Adath B'Nai Israel (May 11, 1995), 8th Dist. No. 67413, 1995 Ohio App. LEXIS 1955, at 5.
 {¶ 23} However, we respectfully find that either date chosen by the trial court is incorrect. It is well-established that whether to award interest on obligations arising out of the division of marital property is within the sound discretion of the trial court. Koegel v. Koegel
(1982), 69 Ohio St.2d 355, at the syllabus. However, in this district, that *Page 7 
discretion is exercised pursuant to R.C. 1343.03, controlling the imposition of interest on money judgments. Brannon v. Brannon (June 27, 1997), 11th Dist. No. 96-T-5572, 1997 Ohio App. LEXIS 2897, at 22-23. R.C. 1343.03(B) "requires the interest to begin on the date the judgment is entered." Brannon at 23.
 {¶ 24} Judgment having been entered against Alfred regarding the additional property settlement payment September 17, 2007, when the trial court adopted the magistrate's decision, that is the date from which interest, calculated pursuant to R.C. 1343.03, should accrue.
 {¶ 25} The second assignment of error has merit, to the extent indicated.
 {¶ 26} The judgment of the Geauga County Court of Common Pleas is affirmed in part, and reversed in part. Regarding interest on the additional property settlement payment, we enter the judgment which the trial court should have entered, pursuant to App. R. 12(B). Pursuant to R.C. 1343.03, Gerlinde is awarded interest on the additional property settlement payment from September 17, 2007, onward, at the statutory rate applicable on that date. The Geauga County Clerk of Courts shall make the appropriate calculations under the applicable statutes.
 {¶ 27} It is the further order of this court that appellant and appellee be assessed equally costs herein taxed.
 {¶ 28} The court finds there were reasonable grounds for this appeal.
 CYNTHIA WESTCOTT RICE, J., TIMOTHY P. CANNON, J., concur. *Page 1