[Cite as *Williams v. Grayson*, 2024-Ohio-247.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

DINITA WILLIAMS,                              :

    Plaintiff-Appellee,            :

                                      No. 112575

    v.                             :

KEVIN GRAYSON,                               :

    Defendant-Appellant.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** January 25, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-22-388975

---

### *Appearances:*

The Wiltshire Law Firm, LLC, and Cheryl M. Wiltshire, *for appellee,*

Allen C. Hufford, *for appellant*.

SEAN C. GALLAGHER, J.:

{¶ 1} Kevin Grayson appeals the imposition of a monthly spousal support of $3,000 in the final decree of divorce. Grayson claims that award inverted the income disparity between himself and Dinita Williams. For the following reasons,

we reverse the decision of the domestic relations court and remand for a renewed determination of the amount of spousal support necessary to equalize the parties' income disparity for the 72-month duration of the award.

{¶ 2} Grayson and Williams were married in 2000 and were in their 50s at the time of the divorce in 2023. As is relevant to the sole issue in this appeal, the parties stipulated that Grayson earns approximately $110,000 annually through his full-time work as a police officer for Cuyahoga County Community College and his regular, part-time employment as security at Cleveland Heights and University Heights library. Grayson also started lawn care and security businesses but had no discernable income from either source as of the trial. Also according to their stipulation, Williams earns approximately $78,000 as a social worker for Cuyahoga County Children and Family Services. Although Williams worked part time in 2019, she has not worked a second job since. Williams was awarded $3,000 per month in spousal support for a term of 72 months. The sole reason provided for that award and the term was the "Income of the parties and Duration of the Marriage."

{¶ 3} The parties' retirement assets were divided equally, and their individual debts for rent and vehicles remained their respective obligations. The only other asset was the marital home, which went into foreclosure. The domestic relations court held Grayson responsible for any deficiency following the foreclosure sale because he "had received a substantial sum as an inheritance from a former coworker and while that money was available, he chose not to use said funds to pay the mortgage at the marital home." Grayson inherited approximately $94,000.

Those funds were deposited and remained in a separate account, but neither party in this appeal elaborated as to what amount, if any, remained at the time of the divorce.

{¶ 4} In this appeal, Grayson claims that the trial court abused its discretion by imposing a monthly spousal support obligation of $3,000 because that $36,000 annual obligation inverted the parties' income disparity. Before the spousal support award, Williams annually earned approximately $78,000, as contrasted to Grayson's gross earnings of $110,000. Williams would gross $114,000, in consideration of the transfer of wealth through the support obligation, and Grayson's gross annual income after paying that support obligation will be $74,000. The $3,000 monthly support obligation upends the income disparity the spousal support award was meant to rectify.

{¶ 5} A trial court has broad discretion in awarding spousal support, but that discretion is not absolute. *Williams v. Williams*, 8th Dist. Cuyahoga No. 103975, 2016-Ohio-7487, ¶ 9, citing *Gordon v. Gordon*, 11th Dist. Trumbull No. 2004-T-0153, 2006-Ohio-51, ¶ 13. "In determining whether to grant spousal support and in determining the amount and duration of the payments, the trial court must consider the factors listed in R.C. 3105.18." *Id.*, citing *Deacon v. Deacon*, 8th Dist. Cuyahoga No. 91609, 2009-Ohio-2491, ¶ 57. R.C. 3105.18(C)(1)(a)-(n) establishes the factors courts must consider in determining whether spousal support should be awarded and, if so, the amount of the award. *A.A.O. v. A.M.O.*, 8th Dist. Cuyahoga Nos. 110338 and 110349, 2022-Ohio-2767, ¶ 18-19. The parties'

respective incomes and the duration of the marriage are factors to be considered. R.C. 3105.18(C)(1)(a) and (e). Thus, the domestic relations court's stated rationale adhered to the statutory criteria.

{¶ 6} Notwithstanding, "[t]he goal of spousal support is to reach an equitable result." *Hloska v. Hloska*, 8th Dist. Cuyahoga No. 101690, 2015-Ohio-2153, ¶ 11, citing *Kaechele v. Kaechele,* 35 Ohio St.3d 93*,* 96, 518 N.E.2d 1197 (1988). "[T]here is no set mathematical formula * * *." *Id.*, citing *Kaechele.* "If the record reflects that the trial court considered the statutory factors, and if the judgment contains details sufficient for a reviewing court to determine that the support award is fair, equitable, and in accordance with the law, the reviewing court will uphold the award." *Chattree v. Chattree*, 2014-Ohio-489, 8 N.E.3d 390, ¶ 71 (8th Dist.), citing *Daniels v. Daniels*, 10th Dist. Franklin No. 07AP-709, 2008 Ohio App. LEXIS 772, 9 (Mar. 4, 2008), and *Schoren v. Schoren*, 6th Dist. Huron No. H-04-019, 2005-Ohio-2102, ¶ 11.

{¶ 7} The parties' assets were divided equally, except for each one's separate property. The $3,000 monthly obligation is neither explained nor supported by the parties' respective incomes. Importantly, Grayson concedes that an award of spousal support is generally justified in light of their income disparity at the time of the divorce. And further, he does not contest the duration of the award, which is generally based on the length of the marriage. *See, e.g., Smith v. Smith*, 8th Dist. Cuyahoga Nos. 110214, 110245, and 110274, 2022-Ohio-299, ¶ 42; *La Spisa v. La Spisa*, 8th Dist. Cuyahoga No. 111810, 2023-Ohio-3467, ¶ 107. His sole argument

pertains to the monthly amount needed to equalize that disparity. According to Grayson, $3,000 inverts the relative gross earnings as between the parties.

{¶ 8} On its face, we agree that the judgment does not contain sufficient details to conclude that the support award is fair, equitable, and in accordance with the law. The spousal support award in this case exceeds that which is necessary to equalize the parties' income disparity. In *Momotaz v. Sattar*, 2022-Ohio-2676, 193 N.E.3d 1144 (8th Dist.), for example, the parties produced evidence of an approximate $110,000 disparity between their respective incomes. *Id.* at ¶ 39. The court imposed a monthly spousal support obligation of $2,800 for 64 months on the husband based on his income and the overall equal distribution of other assets. *Id.* at ¶ 38-40. The panel affirmed that lesser obligation as being equitable despite the larger disparity. Likewise, in *Smith* at ¶ 36-37, the panel concluded that the trial court did not abuse its discretion in awarding $1,500 per month in spousal support for 108 months considering the husband's "phantom income" of $768,000 annually as contrasted to the wife's $57,000 yearly income. *Id.* Husband's actual annual income was closer to $155,000, demonstrating a $98,000 earned income disparity between the husband and wife. *Id.* at ¶ 4.

{¶ 9} In this case, the $3,000 spousal support award based on the $32,000 annual income difference between the parties is facially inequitable. It does not equalize the income as between both parties. It actually exacerbates it in favor of Williams.

{¶ 10} Williams advances two arguments in support of the $3,000 monthly obligation. She first contends that Grayson failed to timely provide his financial information to the court for the purpose of considering the appropriate amount of spousal support. The record demonstrates that the parties stipulated to their respective incomes, so any delays in producing the information during the discovery process was not prejudicial to Williams at trial. Further, discovery violations are not included as a statutory basis to justify a spousal support award under R.C. 3105.18(C)(1).

{¶ 11} Williams also claims that Grayson failed to disclose his approximate $94,000 inheritance that he had deposited and maintained in a separate account during their marriage. The domestic relations court, however, expressly determined that the spousal support award was based on the relative *incomes* of each party. There is no evidence of any income being earned on the principal account balance traced to the inheritance proceeds. Even assuming the disproportionate spousal support award included consideration of the separate property, our conclusion would be the same. A $3,000 monthly support obligation would deplete the entire principal of the inheritance in a couple of years and would likewise be deemed inequitable on its face. More to the point, however, the inheritance factored into the decision to declare Grayson responsible for any deficiency judgments pertaining to the foreclosure initiated on the marital home. We therefore cannot consider whether the principal balance of the account associated with the inheritance

proceeds would be an appropriate consideration to support the spousal support award.[1]

{¶ 12} The spousal support award of $3,000 per month is vacated as being inequitable on its face because it inverted the parties' income disparity. The matter is remanded solely for the purpose of calculating an equitable award that will equalize the parties' income disparity for the 72-month duration, which was not challenged in this appeal.

{¶ 13} Reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MICHELLE J. SHEEHAN, P.J., CONCURS;
MARY J. BOYLE, J., CONCURS IN JUDGMENT ONLY

---

[1] Williams's final argument suggests that Grayson has not reached his full earning potential because he only works two jobs and he could work three or four. Not only is that argument not supported by case authority as required under App.R. 16(A)(7), but it cuts both ways. Just as much as Grayson could always take on more jobs, so too could Williams.