OPINION
{¶ 1} Appellant, William T. Shorts, appeals from the July 9, 2007 judgment entry of the Portage County Court of Common Pleas, Domestic Relations Division, denying his motion for modification and/or termination of spousal support as well as the motion for an increase in spousal support of appellee, Deborah R. Shorts.
 {¶ 2} The parties were married on August 5, 1978, and no children were born as issue of the marriage. *Page 2 
 {¶ 3} On April 5, 2002, appellant filed a complaint for divorce. Appellee filed an answer and counterclaim on April 22, 2002. Appellant filed an answer to appellee's counterclaim on April 24, 2002.
 {¶ 4} Appellant filed a supplemental complaint for divorce on May 21, 2003, in which he added the following additional paragraph: "5) The Plaintiff states that pursuant to [R.C.] 3105.01(J), the Plaintiff and Defendant have, without interruption for one (1) year, lived separate and apart without cohabitation." Appellee filed an answer on May 27, 2003.
 {¶ 5} A bench trial commenced before the Honorable Richard L. James ("Judge James") on June 17, 2003.[1]
 {¶ 6} The trial court issued findings of fact and orders on February 23, 2004.
 {¶ 7} On May 14, 2004, the parties were granted a divorce. Appellee was awarded, inter alia, spousal support in the amount of $3,000 per month from May 2004 through May 2005. The spousal support was reduced to $2,000 per month from June 2005 through May 2011.
 {¶ 8} Appellant filed a motion for modification of spousal support on December 27, 2006. Appellee filed a motion to increase spousal support on February 9, 2007.
 {¶ 9} A hearing was held before the Honorable Joseph Giulitto.
 {¶ 10} Pursuant to its July 9, 2007 judgment entry, the trial court denied appellant's motion for modification of spousal support as well as appellee's motion to *Page 3 
increase spousal support. It is from that judgment that appellant filed a timely notice of appeal, asserting the following assignment of error for our review:
 {¶ 11} "The trial court abused its discretion in determining that the circumstances of the parties have not changed."
 {¶ 12} In his sole assignment of error, appellant argues that the trial court erred in determining that the parties' circumstances had not changed.
 {¶ 13} "We review a trial court's decision regarding spousal support under an abuse of discretion standard of review." Marchand v.Marchand, 11th Dist. No. 2005-G-2610, 2006-Ohio-3080, at ¶ 15. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Regarding this standard, we recall the term "abuse of discretion" is one of art, essentially connoting judgment exercised by a court which neither comports with reason, nor the record. State v. Ferranto (1925),112 Ohio St. 667, 676-678.
 {¶ 14} This court stated in Romano v. Jennison, 11th Dist. No. 2005-L-191, 2006-Ohio-6887, at ¶ 10-13:
 {¶ 15} "[t]he trial court has significant discretion in awarding spousal support in a domestic relations proceeding, provided the award is `"appropriate and reasonable."` Bandish v. Bandish, 11th Dist. No. 2002-G-2489, 2004-Ohio-3544, at ¶ 14, citing Glass v. Glass (Dec. 22, 2000), 11th Dist. No. 99-L-120, 2000 Ohio App. LEXIS 6103, at 6. `While need is a factor to consider, the relevant question is whether the support order under construction is appropriate and reasonable under the circumstances.' Buchal v. *Page 4 Buchal, 11th Dist. No. 2005-L-095, 2006-Ohio-3879, fn. 2; Pengov v.Pengov, 11th Dist. No. 2002-G-2485, 2003-Ohio-6755, at ¶ 24-25.
 {¶ 16} "* * *
 {¶ 17} "To determine whether spousal support is reasonable and appropriate, the trial court is required to consider the following factors from R.C. 3105.18(C)(1):
 {¶ 18} "`* * * (1) (T)he income of the parties; (2) the earning abilities of the parties; (3) the ages and health of the parties; (4) the parties' retirement benefits; (5) the duration of the marriage; (6) the appropriateness of the parties to seek employment outside the home; (7) the marital standard of living; (8) the education of the parties; (9) the assets and liabilities of the parties; (10) the contribution of either party to the other's education; (11) the cost of education of the party seeking support; (12) the tax consequences of a spousal support award; (13) the lost income that results from the parties' marital responsibilities; and (14) any other factor the court deems relevant.'Davis v. Davis (Mar. 31, 2000), 11th Dist. No. 98-P-0122, 2000 Ohio App. LEXIS 1443, at 7. * * *"
 {¶ 19} The authority of a trial court to modify a spousal support award after the issuance of a final divorce decree is governed by R.C. 3105.18(E)(1), which provides in part:
 {¶ 20} "(E) * * * [I]f a continuing order for periodic payments of money as spousal support is entered in a divorce * * * that is determined on or after January 1, 1991, the court that enters the decree of divorce * * * does not have jurisdiction to modify the amount or terms of the * * * spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies: *Page 5 
 {¶ 21} "(1) In the case of a divorce, the decree * * * contains a provision specifically authorizing the court to modify the amount or terms of * * * spousal support."
 {¶ 22} In applying the second requirement for continuing jurisdiction under the statute, the Supreme Court of Ohio has indicated that any reservation of continuing jurisdiction must be expressly stated in the divorce decree in order for a trial court to properly consider any subsequent motion to modify. Kimble v. Kimble, 97 Ohio St.3d 424,2002-Ohio-6667.
 {¶ 23} In the case at bar, paragraph five of the divorce decree states: "[t]he [c]ourt retains jurisdiction over the issue of spousal support for this ninety-six (96) month period pending a significant change in the financial circumstances of either party." We note that Judge James' label of a "significant" change does not impose a greater burden before a modification of spousal support could occur. R.C. 3105.18 does not require that a change of circumstances be substantial or significant to support a modification of a spousal support order. Here, the trial court retained jurisdiction to modify spousal support upon a change of financial circumstances.
 {¶ 24} The record establishes that as a result of the divorce, the trial court divided the assets approximately equally between the parties, each receiving about $2,145,000. Appellant received the funeral home business, which generated an above average income. The divorce decree, issued by Judge James, indicates that appellant had a gross income of approximately $164,460 per year, and appellee earned about $64,494. Appellee had separate property in the form of an inheritance in the amount of $378,000, which was reasonable for Judge James to conclude that it would serve as a source of additional income. Again, appellee retired from the hospital, then was *Page 6 
reemployed in her same capacity. Her income from her retirement, her employment, and all investments provides her with a current annual income of about $144,000. In January 2007, the court determined that appellant voluntarily sold the funeral home business, and his current income from all sources is approximately $237,664. At the time of the June 21, 2007 hearing, appellee's portfolio was valued at about $3,400,000, and appellant's totaled approximately $4,828,000.
 {¶ 25} Here, the record reveals that the trial court considered the R.C. 3105.18(C)(1) factors and analyzed how any changes in those factors related to the appropriateness of adjusting the spousal support award either upward or downward. The only circumstance which was not anticipated in the original decree and spousal support determination made by Judge James was the sale of the funeral home business by appellant. Based on the facts surrounding the sale, the trial court concluded that the transaction was voluntary, and did not create a change of circumstances to render the existing spousal support award inappropriate. We agree.
 {¶ 26} The evidence demonstrates that neither party has any health impairment that would cause either to be unable to be gainfully employed, although appellant testified that he suffers from high blood pressure. However, appellant did not start taking blood pressure medication until after the sale of the business. In fact, appellant just turned fifty-five years old, was healthy, and capable of continuing his employment. There was no medical reason for retirement. Thus, the trial court did not abuse its discretion by determining that appellant's early retirement resulted in a voluntary rather than an involuntary reduction in income, which is not sufficient to give the court jurisdiction to modify spousal support. Buchal, supra, at ¶ 15-17. Appellant's voluntary *Page 7 
decision to sell the business does not present a significant change in circumstances to warrant a reduction of his spousal support obligation. In fact, his income is much greater than that on which Judge James based the spousal support award.
 {¶ 27} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Portage County Court of Common Pleas, Domestic Relations Division, is affirmed. It is ordered that appellant is assessed costs herein taxed. The court finds there were reasonable grounds for this appeal.
DIANE V. GRENDELL, P.J., MARY JANE TRAPP, J., concur.
[1] Appellee was employed as a full time Registered Nurse at Robinson Memorial Hospital until her retirement on October 31, 2003. In January 2004, she was rehired full time by the hospital in her same capacity, and continues to collect her PERS pension. Appellant was the funeral director and owner of Shorts Funeral Home, Inc. On January 1, 2007, appellant retired and sold the funeral home business. *Page 1