[Cite as *Carney v. McNally*, 2023-Ohio-148.]

IN THE COURT OF APPEALS OF OHIO
FIFTH APPELLATE DISTRICT
DELAWARE COUNTY

| | | |
|---|---|---|
| Elizabeth A. Carney, | : | |
| Plaintiff-Appellee, | : | Case No. 22CAF050040 |
| v. | : | |
| Colin D. McNally | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |
| DATE OF JUDGEMENT: | : | January 19, 2023 |

APPEARANCES:

Courtney A. Zollars, The Nigh Law Group, LLC, Columbus, Ohio for Defendant-Appellant.

Paul Giorgianni, Giorgianni Law, LLC, Columbus, Ohio for Plaintiff-Appellee.

Hess, J.

{¶1}    Defendant-Appellant Colin D. McNally appeals from a divorce decree of the Delaware County Court of Common Pleas, Domestic Relations Division, which ordered him to pay the full statutory guideline child support amount to Plaintiff-Appellee Elizabeth A. Carney. McNally contends that the trial court abused its discretion when it failed to grant him any deviation in his child support obligation for his cost of living and the travel costs incurred by him for exercising his parenting time.

{¶2}    We find that the trial court did not abuse its discretion when it ordered McNally to pay child support in the amount equal to the presumptive statutory guideline and affirm the judgment of the trial court.

I. FACTS AND PROCEDURAL BACKGROUND

{¶3}    McNally and Carney were married in July 2011 and resided in New York City, New York during their marriage. They had two children born of the marriage, one in 2013 and one in 2018. In June 2019, Carney moved to Delaware County, Ohio with both children and approximately 10 months later, in April 2020, she filed for divorce. The parties reached an agreement resolving most of the issues involving their children, the division of marital property, and debt and provided the court a stipulated agreement and agreed shared parenting plan. The only issues to be determined by the court were: (1) who would be the residential parent for school enrollment purposes and (2) child support.

{¶4}    The trial court designated Carney as the residential parent for school enrollment purposes and ordered McNally to pay child support for both children in the amount of $1,144.91 when medical insurance is available and $1,174.91 if medical insurance is not available, plus the processing fee. In calculating that final figure, the trial court reduced McNally's child support downward by ten percent under R.C. 3119.051(A) ("a court * * * shall reduce by ten per cent the amount of the annual individual support obligation for the parent * * * when a court has issued * * * a court-ordered parenting time order that equals or exceeds ninety overnights per year") because under the shared parenting plan McNally would have the children ninety or more overnights per year. However, it rejected McNally's proposal that the child support be reduced to zero because of his extraordinary travel expenses, finding "it is not in the children's best interest for child support to be deviated to zero (0), as requested by Father, for travel expenses."

## II. ASSIGNMENT OF ERROR

{¶5}    McNally designates one assignment of error for review:

The trial court abused its discretion when they [sic] failed to award Appellant a downward deviation above the 10% statutory deviation in his child support obligation pursuant to the factors set forth in R.C. 3119.23 and R.C. 3119.24.

### III. LEGAL ANALYSIS

#### A. Child Support

#### 1. Standard of Review

**{¶6}** The abuse-of-discretion standard is the appropriate standard of review in matters concerning child support. *Kiehborth v. Kiehborth*, 169 Ohio App.3d 308, 2006-Ohio-5529, 862 N.E.2d 863, ¶ 21 (5th Dist.), citing *Booth v. Booth*, 44 Ohio St.3d 142, 541 N.E.2d 1028 (1989). In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Id.,* citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

#### 2. Statutory Provisions Governing Child Support

**{¶7}** Several statutory provisions govern the calculation of child support. R.C. 3119.03 establishes a rebuttable presumption that the child support amount calculated using the statutory schedule and worksheet is the correct amount of child support:

> In any action or proceeding in which the court determines the amount of child support that will be ordered to be paid pursuant to a child support order * * * the amount of child support that would be payable under a child support order, as calculated pursuant to the basic child support schedule and applicable worksheet through the line establishing the actual annual obligation, is rebuttably presumed to be the correct amount of child support due.

**{¶8}** A trial court may deviate from the statutory calculation if it determines that the statutory child support amount would be unjust or inappropriate and therefore not in the best interest of the child. R.C. 3119.22 provides:

The court may order an amount of child support that deviates from the amount of child support that would otherwise result from the use of the basic child support schedule and the applicable worksheet if, after considering the factors and criteria set forth in section 3119.23 of the Revised Code, the court determines that the amount calculated pursuant to the basic child support schedule and the applicable worksheet would be unjust or inappropriate and therefore not be in the best interest of the child.

**{¶9}** The factors and criteria that might justify a statutory child support deviation are set forth in R.C. 3119.23 and the ones relevant to this appeal include:

\* \* \*

(C) Extended parenting time or extraordinary costs associated with parenting time, including extraordinary travel expenses when exchanging the child or children for parenting time;

\* \* \*

(E) The relative financial resources, including the disparity in income between parties or households, other assets, and the needs of each parent;

\* \* \*

(G) Benefits that either parent receives from remarriage or sharing living expenses with another person.

\* \* \*

(Q) Any other relevant factor.

If the court grants a deviation based on division (Q) of this section, it shall specifically state in the order the facts that are the basis for the deviation.

### 3. Trial Court's Child Support Calculation

**{¶10}** The trial court used the statutory guidelines and worksheet to calculate McNally's child support obligation and adjusted McNally's obligations downward by ten percent because his parenting time equals or exceeds ninety overnights per year in accordance with R.C. 3119.051(A) – an adjustment that neither party disputes. However, McNally argues that the trial court abused its discretion when it failed to grant an additional downward deviation because it failed "to take into consideration the costs of living for the respective parties" and failed "to consider the travel expenses incurred by [McNally] in exercising his parenting time in Ohio."

**{¶11}** To support his argument that the cost of living between Columbus, Ohio and New York City, New York was a significant factor that the court failed to consider, McNally cites to the testimony concerning rents. McNally's monthly rent is $3,100[1] for a three-bedroom duplex, while Carney's monthly rent is $2,000 for a three-bedroom condo. Other than the rent differential, McNally does not include any additional evidence of the differences in the cost of living between the parties.

**{¶12}** Although R.C. 3119.23(E) allows the trial court to consider the relative financial resources, including the relative cost of living, the trial court can also consider the benefits either parent receives from sharing living expenses with another person. *See* R.C. 3119.23(G). Though McNally claims his rent is $3,100 compared with Carney's $2,000, his girlfriend testified that McNally only pays $1,100 in rent and she pays the remaining $2,000. Carney testified that she lives alone with the two children and does not share living expenses with another person. Thus, Carney pays nearly double the rent McNally does. In view of the record and the trial court's ability to consider all of the relevant factors, including McNally's shared living expenses, we find that the trial court did not abuse its discretion when it did not grant an additional downward deviation based on the relative cost of living. There was competent and credible evidence to support the trial court's decision; it was not unreasonable, arbitrary, or unconscionable.

**{¶13}** Next McNally argues that the trial court abused its discretion when it failed to consider the travel expenses he will incur when exercising his parenting time.

> When determining whether a departure from the guideline child support amount is warranted, the trial court may consider whether a parent incurs extraordinary costs associated with visitation. If the parent incurs extraordinary travel costs, a downward deviation will only be granted if the

---

[1] McNally testified that the monthly rent was $3,050. His girlfriend who resides there with him testified that the monthly rent was $3,100.

trial court further finds that such deviation is in the child's best interests. (Citations omitted.)

*Doyle v. Metzer,* 5th Dist. Stark No. 2015CA00002, 2015-Ohio-3738, ¶ 20.

**{¶14}** Here McNally testified that a flight from Brooklyn, New York to Columbus, Ohio is generally $280 to $300 and a driving trip with tolls and gasoline would cost approximately $120. The nightly costs for lodging would be approximately $150 to $200 per night for a total cost of $300 to $450 for a three-day weekend visit. McNally testified that he believed that child support should be deviated down to zero for which ever parent was not the residential parent for school placement purposes because of the expensive travel costs associated with visitation. Carney testified that if she were not the residential parent for school placement, she would request a downward deviation of $583 per month in her child support obligation, "Because large travel costs would be incurred to visit the children."

**{¶15}** Although both McNally and Carney believed a deviation downward for travel expenses was justified (McNally down to zero, Carney downward by $583), the trial court expressed its clear intentions about travel expenses and child support, stating that, while it understood the parties were making this suggestion, it was not in favor of adjusting child support downward by the travel expenses because of the unpredictability of travel expenses:

> * * * I've indicated to Counsel that this is a school issue. * * * I understand and appreciate that there are child support issues, but I have indicated to Counsel and the parties that for purposes of my Court order, it's less likely that you're going to get trade-offs from me. It's more likely that it's going to be child support and then addressing, you know, travel expenses. So * * * I have indicated to Counsel I'm not necessarily going to put a – a dollar amount on that.
>
> So I appreciate that you're going that route, but, quite honestly, if I have to decide this case, it is less likely you'll get a trade off for travel expenses for

a deduction in child support. It's more likely that I will start 50/50, splitting travel expenses, whatever they may be, and I'm not going to say, Okay, travel expenses are going to be $1,000 and each of you pay $500, because no one knows that in this day and age.

So I appreciate, and you can go there, but some of this * * * I had indicated to counsel that I appreciate that they may put their clients on and say this is how much travel expenses were. But from a Court's perspective, in this changing economy, in this changing atmosphere, it's very difficult for a Court to say, okay, travel expenses are always going to be $500.

{¶16} The record shows that the trial court carefully and thoughtfully considered the travel costs associated with visitation, but found that it is not in the children's best interest for child support to be deviated downward for travel expenses. It is clear from the trial court's statement that it did not believe it would be in the children's best interest to reduce monthly child support by a large fixed sum when travel expenses can fluctuate unpredictably. Instead, the trial court found that a percentage cost splitting was in the children's best interest. Thus, the trial court required the parties to equally divide the children's travel costs to and from Brooklyn, New York and Columbus, Ohio and be responsible for their own independent travel expenses:

> Parties shall equally divide, with each party paying one-half, the expense of travel for the minor children for companionship to and from Brooklyn, New York and Columbus Ohio. Each Party is responsible for their own independent travel expenses.

Appellant has not appealed this issue.

{¶17} We acknowledge that the travel expenses here could be significant and both Carney and McNally testified that some downward deviation was justified, however we cannot say that the trial court abused its discretion in failing to adjust child support downward. The trial court explained that it would not be in the children's best interest to reduce child support by a fixed amount because travel expenses fluctuate drastically and it believed a percentage allocation of travel expenses to be the better approach. "When

applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court." *A.D. Transport Express, Inc. v. Lloyds Towing Serv. & Sales, LLC,* 5th Dist. Guernsey No. 19CA000053, 2020-Ohio-5630, ¶ 51, citing *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621, 614 N.E.2d 748 (1993). For these reasons, we find that the trial court did not act unreasonably, arbitrarily, or unconscionably in finding that it was not in the children's best interest to adjust child support downward to reflect travel expenses.

## IV. CONCLUSION

**{¶18}** We overrule McNally's assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.