[Cite as *In re L.A.*, 2024-Ohio-1241.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

IN RE:                                              CASE NO. 13-23-23

     L.A.

[JAMIE W. - APPELLANT]                          **O P I N I O N**

**Appeal from Seneca County Common Pleas Court**
**Juvenile Division**
**Trial Court No. 21650015**

**Judgment Affirmed**

**Date of Decision:  April 1, 2024**

**APPEARANCES:**

    *Jamie W.,* **Appellant**

**MILLER, J.**

{¶1} Jamie W., legal custodian of L.A., appeals the August 15, 2023 judgment of the Seneca County Court of Common Pleas, Juvenile Division, overruling her objections to the June 22, 2023 magistrate's decision. For the reasons that follow, we affirm.

*Facts and Procedural History*

{¶2} Paige M. and Andrew A. are the biological parents of L.A., born April 2016. On April 14, 2016, the Seneca County Department of Job and Family Services ("SCDJFS") filed a complaint alleging L.A. was a dependent child and requesting the trial court place L.A. in its protective supervision.

{¶3} L.A. was subsequently found to be a dependent child pursuant to 2151.04(C) and (D) and was placed in the temporary custody of Jamie, his paternal aunt, with SCDJFS continuing protective supervision. In 2017, Jamie filed a motion to intervene and be made a party to the matter, which the trial court granted. On March 15, 2017, Jamie's retained trial counsel filed an entry of appearance. Jamie continued to be presented by this attorney throughout the proceedings. On May 22, 2017, pursuant to the agreement of the parties, Jamie was designated the legal custodian of L.A. with Paige and Andrew receiving limited visitation.

{¶4} Relevant to this appeal, on September 27, 2021, Paige, who had been receiving supervised visitations with L.A., filed a motion to modify and expand her

visitation. On May 23, 2022, the matter was heard by the trial court's magistrate. In a decision filed the following day, the magistrate recommended that Paige's motion to modify visitation be granted. The magistrate recommended that, after a brief adjustment period, Paige receive unsupervised standard visitation with L.A. in accordance with the court's local rules. Although Jamie, through counsel, initially filed objections to the magistrate's decision, she subsequently withdrew those objections.

{¶5} On August 17, 2022, Andrew, who was receiving limited supervised visitations with L.A., filed a motion seeking to expand his visitation. On October 20, 2022, Jamie filed a motion to modify visitation. In that motion, Jamie requested Paige's visitation once again be limited and supervised. That same day, Jamie filed a motion to show cause alleging that Paige violated the trial court's order by failing to reimburse her for a portion of L.A.'s medical expenses.

{¶6} A hearing was held on the pending motions on June 14, 2023. In a magistrate's decision filed on June 22, 2023, the magistrate recommended Jamie's citation in contempt be denied. The magistrate also recommended that Paige's visitation continue in accordance with local court rules, with Paige receiving unsupervised visitation with L.A. every other weekend. The magistrate then recommended Andrew and Jamie alternate the remaining weekends amongst themselves. Further, Andrew and Paige were each to receive two weeks of extended summer visitation.

{¶7} On July 6, 2023, Jamie, through counsel, filed objections to the magistrate's decision. No specific objections were listed, rather, Jamie requested an order allowing her thirty days to obtain a transcript and then supplement the objections with a brief. On July 10, 2023, the trial court filed a judgment entry granting Jamie's request. On August 9, 2023, the day of the deadline for filing transcripts, Jamie filed a pro se motion requesting the trial court extend the deadline for filing transcripts for the reason that she "has not yet been able to retain a new attorney since prior counsel * * * recently left private practice." (Doc. No. 332). Jamie further stated that she has been unable to secure a court reporter to timely file the transcripts.

{¶8} On August 14, 2023, Jamie's trial counsel filed a motion to withdraw on the basis that counsel took a new job and would no longer be maintaining her private practice. The trial court granted counsel's motion that same day.

{¶9} In a judgment entry filed on August 15, 2023, the trial court denied Jamie's motion to extend the deadline to file transcripts. The trial court reasoned that at the time the pro se motion was filed, Jamie's trial counsel had not withdrawn from representation, rendering the trial court unable to consider Jamie's pro se motion. The court also noted that Jamie's trial counsel filed a motion to withdraw after the deadline for providing the transcript had passed. Additionally, the trial court stated that although Jamie's motion referenced her inability to secure a court reporter, Jamie nor her trial counsel had filed a request for the court to transcribe

the record and no payment had been made. The trial court overruled the objections to the magistrate's decision. In doing so, the court stated it undertook a *de novo* review of the magistrate's decision and reviewed the information presented as filed. The court additionally noted "in the absence of a transcript, it is required to conclude the evidence supported the Magistrate's finding." (Doc. No. 338).

{¶10} Jamie filed a notice of appeal on September 13, 2023.

### Assignment of Error

**The trial court errored [sic] by denying the Appellant Legal Custodian's pro se motion to extend [the] deadline to file transcripts for objections due to [previous counsel] still being the counsel of record and finding that there was not good cause shown for the failure to provide the required transcript and subsequently overruled the objections regarding the magistrate's decision and concluded that in the absence of the transcript the evidence supported the magistrate's finding. The Appellant Legal Custodian was not given the opportunity to object to factual findings of the magistrate's decision due to having ineffective assistance of counsel. Appellant Legal Custodian's counsel filed objections following the magistrate's decision, then failed to provide transcripts and supplemental objections prior to leaving private practice and taking a new position. Appellant Legal Custodian's counsel then failed to request to withdraw as counsel prior to leaving private practice and subsequently did not request to withdraw as counsel until after the trial court issued its decision on objections to the magistrate's decision. Due to the Appellant Legal Custodian having ineffective assistance of counsel reversible error occurred.**

{¶11} In her assignment of error, Jamie makes two distinct arguments. First, Jamie argues that her trial counsel was ineffective. Second, she argues that the trial court erred by denying her motion to extend the deadline to file transcripts. We

acknowledge that App.R. 12(A)(2) provides that an appellate court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." Accordingly, because Jamie did not raise her distinct arguments in separate assignments of error, we would be justified in disregarding her assignment of error. Nonetheless, in the interest of justice, we elect to address the merits of Jamie's argument.

{¶12} Jamie argues that her retained trial counsel was ineffective for failing to timely file a motion to withdraw. Jamie alleges that because her trial counsel had not yet withdrawn, Jamie's pro se motion for an extension of time was overruled. She argues that she was prejudiced by her trial counsel's actions when the trial court adopted the magistrate's decision based, in part, on Jamie's failure to timely file transcripts. However, Jamie's argument fails because there is no right to an attorney in civil cases. Accordingly, litigants are unable to attack civil judgments on the basis of ineffective assistance of counsel. *In re Adoption of L.B.R.*, 2d Dist. Clark No. 2019-CA-14, 2019-Ohio-3001, ¶ 41. "A complaint of ineffective assistance of counsel is not a proper ground on which to reverse the judgment of a lower court in a civil case that does not result in incarceration * * * when the attorney was employed by a civil litigant." *Wolford v. Wolford*, 184 Ohio App.3d 363, 2009-Ohio-5459, 920 N.E.2d 1052, ¶ 32 (4th Dist.). Although this court has applied the test for ineffective assistance of counsel in limited instances of natural parents

involved in permanent custody or adoption proceedings, it does not apply to a legal custodian involved in a proceeding involving the visitation rights of the natural parents. *See e.g.*, *In re E.C.*, 3d Dist. Hancock No. 5-15-01, 2015-Ohio-2211, ¶ 40 ("In permanent custody proceedings, where parents face losing their children, we apply the same test as the test for ineffective assistance of counsel in criminal cases.").

{¶13} Next, we address Jamie's contention that the trial court erred by denying her motion to extend the deadline to file transcripts. "A trial court has broad discretion in determining whether to grant a motion for an extension of time and the court's decision will not be reversed on appeal absent an abuse of discretion." *Reimund v. Reimund*, 3d Dist. Hancock No. 5-04-52, 2005-Ohio-2775, ¶ 12. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Civ.R. 53(D) provides, in pertinent part:

> The objecting party shall file the transcript * * * with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

Civ.R. 53(D)(3)(b)(iii).

{¶14} After reviewing the record, we do not find that the trial court abused its discretion by denying Jamie's request to extend the deadline to file transcripts.

First, because Jamie's trial counsel had not filed a motion to withdraw, Jamie was still represented by counsel and, therefore, the motion was not properly filed. *In re H.S.*, 3d Dist. Hancock No. 5-23-02, 2023-Ohio-3210, ¶ 34. Furthermore, Jamie became aware of her need for new counsel at some time prior to the August 9, 2023 deadline to file the transcript, as evidenced by her request for additional time to retain a new attorney. Nevertheless, Jamie waited until the last day to seek another extension and never retained new counsel. Moreover, as the trial court noted in its judgment entry, Jamie failed to file payment or a request for the trial court to transcribe the record. Accordingly, we do not find that the trial court abused its discretion by denying Jamie's pro se motion for an extension of time.

{¶15} Jamie's assignment of error is overruled.

*Conclusion*

{¶16} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Seneca County Court of Common Pleas, Juvenile Division.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and ZIMMERMAN, J., concur.**

**/hls**